THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
   Error, *vs.* ROBERT E. CANTWELL, Plaintiff in Error.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

ASSAULT AND BATTERY—*information need not allege, in terms,
that assault was unlawfully made.* · An information charging the
defendant with assault and battery is not fatally defective though
it does not allege, in terms, that the assault was unlawfully made.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on writ of error to the Mu-
nicipal Court of Chicago; the Hon. STEPHEN A. FOSTER,
Judge, presiding.

GEORGE W. PLUMMER, and JAMES T. BRADY, for plain-
tiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAY-
MAN, State's Attorney, and JOEL C. FITCH, (ZACH HOF-
HEIMER, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted in the municipal
court of Chicago of assault and battery. The Appellate
Court having affirmed the judgment he has brought the rec-
ord here for review, and contends that the information is
not sufficient, that a reference to the defendant's right to
testify entitled him to a new trial, and that the instructions
were erroneous.

The objection made to the information is, that it does
not allege that the assault was unlawfully made. The in-
formation is sufficient at common law and is equally good
to charge a violation of the statute. 3 Chitty's Crim. Law,
821; Bishop's Directions and Forms, 99, sec. 201; *Curtis*
v. *People*, Breese, 256; *State* v. *Bray*, 1 Mo. 180; *State* v.
*Hays*, 41 Tex. 526.

The remark of the State's attorney which is complained of does not appear to have been either intended or calculated to direct the attention of the jury to the defendant's neglect to testify.

The objections to the instructions are too refined and tenuous to be of practical importance.

*Judgment affirmed.*