## August Reimenschneider, Plaintiff in Error, v. William Neusis, Defendant in Error.

### Gen. No. 5,622.

1. ASSAULT AND BATTERY—*gestures no justification for.* Malignant and taunting gestures are not a justification for assault or battery.

2. ASSAULT—*abusive words do not justify.* Abusive words do not justify an assault.

3. ASSAULT AND BATTERY—*when defendant justified in striking first blow.* Where plaintiff's language and demonstrations would have lead a reasonably prudent person, situated as defendant was, to believe that plaintiff was about to strike him, defendant was justified in striking the first blow.

4. ASSAULT AND BATTERY—*burden to show assault in self-defense.* In an action for assault and battery, on an issue taken on replication *de injuria* to a plea of *son assault demesne*, the burden is upon defendant to prove that the assault was made in necessary self-defense, and that he used no more force than necessary.

5. ASSAULT AND BATTERY—*when plea son assault demesne not established.* In an action for assault and battery, where the undisputed evidence shows that defendant deliberately turned around after the first encounter and assaulted and beat plaintiff, the plea of *son assault demesne* is not established and defendant is liable.

6. ASSAULT AND BATTERY—*appeal and error.* On reversal and remand of a finding for defendant in an action for assault and battery, the question as whether the damages should be nominal or compensatory will not be passed upon, though the evidence shows that plaintiff was injured.

7. Assault and battery—*evidence as to general reputation of parties.* Where the characters of the parties to an action for assault and battery are not involved, evidence as to their general reputation as peaceable citizens is not admissible.

8. Assault and battery—*instructions.* An instruction that if defendant assaulted plaintiff in the reasonable, necessary defense of his own person, after having been first assaulted by plaintiff, and that he used no more force than necessary, etc., the jury should find for defendant, is improperly submitted, where there is no evidence, that defendant was first assaulted, that defendant struck the plaintiff in self-defense or that he used no more force than necessary for such defense.

Action in trespass for assault and battery. Error to the Circuit Court of Kendall county; the Hon. Mazzini Slusser, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed June 27, 1912.

Benjamin F. Herrington, for plaintiff in error.

John Fitzgerald, for defendant in error.

Mr. Justice Willis delivered the opinion of the court.

On April 8, 1908, parties were engaged in a game of cards in Markel's blacksmith shop in Yorkville. Plaintiff was looking on, when defendant came in to settle his account with Markel. Markel requested plaintiff to take his hand in the game while he went back to his office to consult his books, but plaintiff declined and requested defendant to take the hand. He refused and a quarrel arose between them over some old business matters, in which each used language derogatory of the other. Defendant struck plaintiff a blow in the face and he struck back and they were separated. Defendant started to walk out of the shop and then returned, took off his coat and struck plaintiff about the face and head several times and he retaliated, and they were again separated. Plaintiff lodged a complaint with a justice of the peace of Kendall county and defendant was arrested, pleaded guilty and paid a fine. Later plaintiff brought this suit in tres-

pass against the defendant in the Circuit Court of said county to recover damages for injuries received in the two assaults and batteries. The declaration contained five counts. One charged that the assaults were prompted by malice. Each count described the injuries received by plaintiff and alleged that he was obliged to spend large sums of money in being cured. Defendant pleaded not guilty and *son assault demesne.* Plaintiff replied *de injuria.* Similiters were added to the plea of not guilty and the replication. A trial resulted in a verdict for the defendant. Motions for a new trial and in arrest of judgment were denied, and judgment entered on the verdict and against plaintiff for costs. A bill of exceptions was taken and this writ of error was sued out to review the judgment.

There is some testimony tending to show that before the second encounter defendant took some object from his pocket with which he struck the plaintiff, although defendant denied this. After the second encounter plaintiff picked up some object, first two horse shoes and afterwards a chisel, but was compelled to put them down. According to the testimony of the defendant and some of his witnesses plaintiff shook his fist in defendant's face before he was struck the first time. However, one of defendant's witnesses testified that plaintiff always gesticulated that way with his hands when talking. If plaintiff's gestures were malignant and taunting, defendant was not justified in striking the first blow, as such gestures are never a justification even for a common assault. Clark's Criminal Law, 215, and authorities cited in note 175. Nor do mere abusive words justify an assault. Sorgenfrei v. Schroeder, 75 Ill. 397; Gisler v. Witzel, 82 Ill. 322; Price v. People, 131 Ill. 223; Scott v. Fleming, 16 Ill. App. 539. If the evidence had shown that plaintiff's language and demonstrations would have led a reasonably prudent person situated as defendant was to believe that plaintiff was about to strike him, the law would have justified defendant in striking the first

blow, but none of the witnesses stated that there was any appearance that plaintiff was about to strike the defendant first, and defendant does not claim that he thought he was about to be struck. The tenor of his testimony and his conduct show that he did not anticipate that plaintiff would strike him and the evidence is undisputed that after they were separated in the first encounter he started to go away, and then deliberately turned around and assaulted and beat the plaintiff the second time. On an issue taken upon a replication *de injuria* to a plea of *son assault demesne,* the burden is upon the defendant to prove that the assault was made in necessary self-defense, and that, in making the assault, he used no more force than was necessary to protect himself. Gisler v. Witzel, *supra.* The evidence utterly failed to establish the plea of *son assault demesne,* and therefore the defendant is liable. While the evidence shows that plaintiff was injured, it is not for us to say at this time whether his damages are nominal or compensatory.

Defendant was permitted to prove, by a number of witnesses, his general reputation as a peaceable citizen. We do not understand the character of the parties, whether men of violence or law-abiding citizens, was involved. As a general rule, the character of a plaintiff in such cases is not the subject of inquiry. Cummins v. Crawford, 88 Ill. 312. The only purpose of this evidence would be to create a presumption that defendant would not be inclined to commit the assaults. If such evidence were admissible, the presumption arising therefrom would not rebut defendant's own admission that he committed both assaults.

Defendant's first instruction told the jury that if they believed from the facts and circumstances in evidence that the defendant assaulted the plaintiff in the reasonable, necessary defense of his own person, after having been first assaulted by the plaintiff, and that he used no more force than was apparently necessary

for such defense, they should find for the defendant. There was no evidence tending to show that the defendant was first assaulted by the plaintiff or that the defendant struck the plaintiff in the reasonably necessary defense of his person, or that he used no more force than was apparently necessary for such defense, and the instruction should not have been given. Defendant's second instruction is like the first, and is erroneous because it assumes the defendant acted in self-defense.

For the errors indicated in the rulings of the court on the admission of evidence and the instructions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*