William M. Smith, Appellee, v. Kote Georgeoff, Appellant.

Term No. 46M12.

Opinion filed October 4, 1946.  Rehearing denied November 18, 1946.  Released for publication November 18, 1946.

W. Joe Hill, of Benton, and Frank E. Trobaugh, of West Frankfort, for appellant.

Paul A. Jones and Rea F. Jones, both of Benton, for appellee.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Franklin county, finding in favor of appellee, William M. Smith (hereinafter called plaintiff), and entering judgment against appellant, Kote Georgeoff (hereinafter called defendant), in the sum of $1,500 and costs of suit.

The action was instituted by plaintiff for damages for trespass for an assault and battery alleged to have been committed by the defendant at the defendant's tavern in West Frankfort, Illinois.  The case was tried by the court, without a jury.  The evidence

discloses that the plaintiff was 63 years of age and had been a coal miner by occupation, but had not worked steadily for some time. The defendant owned and operated a tavern in the City of West Frankfort, Illinois, in which the plaintiff had been a regular customer.

The evidence indicates that on the 17th day of April 1944 plaintiff was drinking with two other customers of the defendant and that shortly after a beer had been served to plaintiff, the defendant, who was a man in his early forties and in robust physical health, weighing approximately 170 pounds, seized plaintiff (who weighed 130 pounds), firmly from behind and forcibly either pushed or threw him out of the tavern. There was evidence that at numerous times in the process of pushing or forcing plaintiff from the tavern that defendant booted and kicked plaintiff with his knee. There was also evidence that defendant was angry at the time. Defendant either pushed or forced plaintiff as far as the doorway of the tavern, and the evidence indicates that plaintiff was ejected from the tavern with sufficient force so that he was thrown down or fell upon the sidewalk in front of the tavern in a sitting position, a distance of about 18 feet from the doorway. The plaintiff was unable to arise and was in great pain as a result of a fracture of his femur in the right hip. The plaintiff was required to be hospitalized and given treatment. His injuries were permanent and there was evidence to the effect that plaintiff would never be able to work again. On the trial of the case before the court, defendant filed a special defense setting up justification of the assault, but the evidence does not sustain such position. The court found in favor of plaintiff and assessed plaintiff's damages at $1,500, plus costs of suit.

It is contended by defendant that a tavern-keeper may forcibly eject a drunken person from his tavern with or without notice to depart, and that such

act is not unlawful and the tavernkeeper is not liable for an assault and battery in so doing (*Woodman v. Howell*, 45 Ill. 367). Such right of ejection, however, limits a defendant to the use only of as much force as is reasonably necessary to eject a person. The evidence in the instant case tends to show that more force was used than was reasonably required for such purpose.

While it is true that proof of acts negligently done will not sustain a charge of assault and battery, the evidence in the instant case shows conduct which is much stronger than a mere negligent attempt to eject plaintiff. Similarly, proof of express malice is unnecessary and malice can be inferred from wanton and wilful or reckless disregard of the plaintiff's rights (*Chicago Consol. Traction Co. v. Mahoney*, 230 Ill. 562).

There was some evidence to the effect that provocation in the instant case consisted of words spoken by the plaintiff, but mere words, no matter how abusive they may be, cannot justify an assault (*Sorgenfrei v. Schroeder*, 75 Ill. 397; *Reimenschneider v. Neusis*, 175 Ill. App. 172).

It is not necessary that the words "malice" or "unlawful" appear to state even an adequate criminal charge of assault and battery. It is the contention of defendant that Count Three of plaintiff's complaint fails to state a cause of action in that it omits the words "wilfully and maliciously and wrongfully." It does, however, specifically charge that defendant, without any provocation on part of plaintiff, with force and arms did damage and injury to plaintiff by violent means. It would, therefore, have been erroneous to allow a motion in arrest of judgment as to such count.

On a review of the entire case it is apparent from the record that there was sufficient evidence to justify the conclusion of the court below that an as-

sault was committed. It was likewise, proper for the court to conclude under the evidence in the case that the assault was not justified and that more than reasonable force was used by defendant in ejecting plaintiff.

We find no reversible error in the action of the circuit court of Franklin county. The judgment will, therefore, be affirmed.

*Judgment affirmed.*

STONE and BARTLEY, JJ., concur.