**The People of the State of Illinois, Plaintiff-Appellee, v. William H. Nation, Defendant-Appellant.**

**Gen. No. 10,724.**

Fourth District.

August 11, 1966.

Rehearing denied August 29, 1966.

Harold Broverman, of Taylorville, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Milo J. See, Jr., of counsel), for appellee.

SMITH, J.

Defendant appeals from a judgment of conviction by a jury of aggravated battery. Defendant was "keeping company" with the victim's wife. The victim and his friend had been following the couple. When they stopped at a stoplight, the victim jumped out of his friend's car and took a picture of the defendant showing a gun leveled and the admission of this photograph is said to be error. Defendant then shot at the victim striking him in the chest but without serious injury as a fountain pen furnished obstruction. The trial court refused to permit the defendant to state why he was afraid of the victim and this too is assigned as error.

The circumstances of the photograph as well as occurrence events are best stated by defendant's own testimony as abstracted.

". . . When I stopped at intersection previously described they came up behind me in their car. As soon as their car stopped, it was still rocking, he jumped out of right hand door and headed for my car. When I seen him heading for my car I reached over for my gun that I knew was laying in seat. It is double action five shot revolver, thirty-two caliber. It was laying in holster on right hand side about half way down in crack of right front seat. . . .

"Gun does not have safety on it. Gun holds five shells. When I reached for gun Lilly was about even with right rear wheel of my car, just when I reached up with my gun in my hand then flash bulb went off. As soon as flash bulb went off I seen his image at

439

right door and I followed him with gun. Then told him to get away from car and I felt car door jiggle and heard it jiggle and felt it jiggle. He was trying to open door. Then gun went off. I was still sitting behind steering wheel when gun went off. Mrs. Lilly was to my right in front seat.

". . . Fired gun one time. Didn't intend to fire gun. It went off by itself. Lilly was attempting to open right front door. Felt door jiggle. . . . This was after bulb exploded and picture was taken. . . ."

Defendant asserts that there was no foundation proof that the photograph is an accurate and faithful presentation of the place, person, or subject which it purports to portray. Brownlie v. Brownlie, 357 Ill 117, 191 NE 268. In our judgment defendant's own words describing its taking belies and effectively scuttles such a contention.

Defendant further contends that photographs should be excluded where they would confuse or mislead rather than aid the jury, distract the jury from the main issues, unduly emphasize the evidence of one of the parties or where the natural effect of their introduction would be to arouse the sympathies or prejudice of the jury rather than to throw any light on the issues and cites 32 CJS, Evidence, § 709 at 988, 989. Accepting these benign rules, we are unable to see how the testimony of the defendant or the description of the occurrence events by other witnesses can possibly besmirch these photographs with any of the exclusionary disabilities. It is true that it portrays only one moment in a chain of events, albeit an apparently accurate and vivid portrayal of that moment. There was no error in admitting the photographs.

The court sustained an objection to this question asked of the defendant, "Now, were you afraid of Mr. Lilly on September 21, 1965, immediately prior to the

time that your gun was discharged?" What the answer would have been is not disclosed. No offer of proof was made. Neither the trial court nor this court knows what justification if any might have existed. It isn't for us to guess or speculate as to what it might be. There seems to us little doubt that the defendant has not brought himself within our statute authorizing force in the defense of one's person. That statute, Ill Rev Stats 1965, c 38, § 7–1, so far as applicable reads:

> ". . . However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony."

Indeed defendant's own statement that he "didn't intend to fire gun—it went off by itself" precluded any thought that he then felt the necessity for anything more than to threaten the victim or that his frame of mind had any bearing on the matter. A reasonable apprehension of the victim-husband is readily inferable from this record but nothing is shown justifying the force used. There was no error in the sustaining of the objection under such circumstances.

Perceiving no error in this record, the judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.