(No. 41962.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, ·vs.
JOSEPH GRIECO, Appellant.

*Opinion filed January 21, 1970.—Rehearing denied March 23, 1970.*

WARD, J., took no part.

BELLOWS, BELLOWS & MAGIDSON, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant, Joseph Grieco, together with his brother, Donald Grieco, was charged by an indictment returned to the circuit court of Cook County with having committed the crime of battery upon the person of George Quarnstrom. After a bench trial, wherein the proof disclosed that defendant had struck Quarnstrom about the head and chest with his fists, defendant was found guilty and, on appeal, the judgment of conviction was affirmed by the appellate court. (*People* v. *Grieco,* 103 Ill. App. 2d 108). We have granted leave to appeal to further examine the contentions of defendant that the indictment is subject to constitutional infirmity and that it fails to state an offense.

The charge against defendant was based upon that part of section 13—2 of our Criminal Code which provides: "(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual * * *." (Ill. Rev. Stat. 1963, chap. 38, par. 12—3.) So far as pertinent here, the indictment, couched in the language of the statute, was as follows: "The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths aforesaid present that on December 6, 1963, at and within said county, Joseph Grieco and Donald Grieco otherwise called Don Grieco, committed the offense of battery, in that they, intentionally and knowingly, without legal justification, committed a battery on George Quarnstrom which caused great bodily harm to said George Quarnstrom, in violation of ch. 38, § 12—3, of the Ill. Rev. Stats., 1963, contrary to the statute, and against the peace and dignity of the said People of the State of Illinois."

It is the contention of defendant that the indictment is so vague, indefinite and uncertain as to be insufficient to apprise him of the nature and cause of the accusation, thus violating rights guaranteed him by the fifth and sixth

amendments to the Federal constitution, and section 9 of article II of the Illinois constitution. Additionally, it is urged that the indictment does not state an offense because it fails to comply with an implementing provision of the Code of Criminal Procedure which directs that a criminal charge shall set forth "the elements and nature of the offense charged." (Ill. Rev. Stat. 1963, ch. 38, par. 111—3.) By the scope of defendant's argument, the single, narrow issue presented is whether the failure of the indictment to allege the means by which the battery was accomplished on the complaining witness caused it to offend the constitutional provisions and statute relied upon.

Both the constitutional provisions and the implementing statute are aimed at certainty, and it has been established by countless decisions that they are satisfied, and that an indictment is sufficient, if, as stated in 42 C.J.S., Indictments and Informations, § 100, pp. 978-981, the indictment "states specifically the elements of the offense with sufficient particularity to apprise accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense, and, as stated by some courts, to indicate to the court the correct judgment to be pronounced on a verdict of guilty." (See also: *Hagner* v. *United States,* 285 U.S. 427, 76 L. Ed. 869, 52 S. Ct. 417; *United States* v. *Britton,* 108 U.S. 199, 27 L. Ed. 698, 2 S. Ct. 531; *Beauchamp* v. *United States* (6th cir.), 154 F.2d 413; *People* v. *Donaldson,* 341 Ill. 369; *People* v. *Green,* 362 Ill. 171; *People* v. *Lewis,* 375 Ill. 330; *People* v. *Patrick,* 38 Ill.2d 255; 21 I.L.P., Indictments and Information, § 55). Equally well established in this area of the law is the principle that an indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone to notify the accused of the precise

offense charged against him. (*People* v. *Sims,* 393 Ill. 238; *People* v. *Klemann,* 383 Ill. 236; *Brown* v. *United States* (9th cir.), 222 F.2d 293; *United States* v. *Ausani* (7th cir.), 240 F.2d 216.) But where the statute does not specifically define the crime, or does so only in general terms, some act showing an alleged violation of the statute must be averred. *People* v. *Green,* 368 Ill. 242, (reckless driving); *People* v. *Chiafreddo,* 381 214 (acts rendering a child dependent or neglected); *People* v. *Peters,* 10 Ill.2d 577, (representation of authorization to practice law); *Russell* v. *United States,* 369 U.S. 749, 8 L. Ed. 2d 240, 82 S. Ct. 1038, (refusal to answer question pertinent to inquiry by Congressional committees); see also: *United States* v. *Simmons,* 96 U.S. 360, 24 L. Ed. 819; *United States* v. *Cruikshank,* 92 U.S. 542, 23 L. Ed. 588.

We are in accord with the holding of the appellate court that the indictment here meets the test for certainty evolving from the foregoing decisions. The term "battery" is one of common usage and understanding, and the statute itself sets forth all elements necessary to constitute the offense intended to be punished, *viz.,* causing bodily harm to an individual, intentionally and knowingly without legal justification. Coupled with the allegations setting forth the name of the person upon whom the battery was committed, and the date it occurred, the indictment was sufficiently certain to enable defendant to prepare a defense and to permit any judgment entered to be pleaded in bar of a subsequent indictment for the same offense. *Cf. People* v. *Weil,* 244 Ill. 176.

Defendant's contention to the contrary, based principally upon decisions concerning the allegation of "acts" constituting the crime as distinguished from the "means" by which it was committed, is simply that the indictment is vague, indefinite and uncertain, and does not state an offense, because it fails to particularize the means by which the

battery was committed. But it is only where the means used are an integral part of the offense that they need be averred, as for example in the crime of assault with a deadly weapon, or the crime of assault with means likely to produce great bodily injury. A battery, the wilful touching of the person of another by the aggressor, or some substance put in motion by him, (Black's Law Dictionary, 3rd ed., p. 200,) is the consummation of an assault, and in 6 C.J.S., Assault and Battery, § 110g, p. 966, it is said: "It is necessary to aver the means employed where the means constitute an essential element of the offense * * *. It is not necessary, however, to allege the means or instrument used in making the assault where it is not an essential ingredient of the offense, * * * although it is not improper to do so." Similarly, it is said in 6 Am. Jur. 2d, Assault and Battery, § 90, p. 79: "An indictment or information is generally not insufficient because it merely alleges that an assault or battery was committed by defendant, but does not specify the mode in which it was committed, since such details are matters of evidence and not of pleading." (Accord: *State* v. *Gitaitis,* (Del.) 193 A. 2d 92; *Demonia* v. *State,* (Del.) 210 A. 2d 303; *Rell* v. *State,* 136 Me. 322, 9 A. 2d 129; *Hussey* v. *State,* 144 Miss. 380, 109 So. 871; *State* v. *Twarog,* 97 N.H. 101, 81 A. 2d 855.) Comparably, in *Dunn* v. *People,* 158 Ill. 586, where the indictment charged assault with intent to murder, it was held that the gist of the offense was an assault with a felonious intent, making it unnecessary to set out the manner of assault with any degree of particularity.

Accordingly, we cannot agree that the indictment here was fatally defective simply because it did not allege the means, or that the omission denied to defendant the protection of the constitutional provisions upon which he relies. A bill of particulars was available to him had he desired or needed more details and, as a practical matter, the record

412

of the case demonstrates no difficulty in preparing and presenting a defense. Quite clearly, the indictment and the judgment entered upon it are sufficient to support a plea of double jeopardy should the need arise.

No useful purpose can be served by further extending this opinion to consider contentions of defendant that improper evidence was admitted at his trial. Upon examination of the record and the authorities presented, we are of the opinion that those matters were properly treated upon and disposed of in the opinion of the appellate court.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.