THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WHELAN, Defendant-Appellant.

(No. 69-204;

Second District—February 25, 1971.

Edwin L. Douglas, Public Defender, of Wheaton, (Kevin P. Connelly, Deputy Public Defender, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant Whelan was charged in a four count indictment with (1) burglary, (2) armed robbery of Mrs. Newman, (3) aggravated assault against Officer Zaroogian, and (4) resisting an officer while armed. The jury found defendant Whelan guilty on all four counts of the indictment and he was sentenced to a term of 20-30 years in the State Penitentiary. This is a post conviction hearing and is concerned with only count (2) armed robbery and count (3) aggravated assault against

Officer Zaroogian. No appeal was taken as to count (1) burglary or count (4) resisting an officer while armed.

On the 24th day of January, 1966, Regina Newman was at her home in Elmhurst, Illinois, with her minor daughter, Lynette Newman. Shortly after luncheon, two men appeared at the front door asking for Mrs. Newman's husband, opened the door and entered as she backed up. One of the men, identified as the defendant John Whelan, pulled out a gun and held it on her while the other man ransacked the house. Meanwhile, the daughter Lynette, who was in the kitchen unbeknownst to the two men, ran out the back door to the home of a neighbor, a Mrs. Donald Trent, who telephoned the Elmhurst police. As the two men were leaving the Newman premises by the back way, Officer Zaroogian approached and encountered the two men. The defendant Whelan drew a revolver and told Officer Zaroogian to turn around. The second of the two men identified as Angelo Anthony Bralles, pulled Officer Zaroogian's gun from its holster and marched him back into the house.

A second Elmhurst policeman, Officer Scahill, who had ducked behind a parked car in the driveway so as not to be seen, saw this take place, and as the defendant Whelan approached, he covered him with a shot gun and ordered him to throw down the revolver, which he did. Other Elmhurst policemen appeared, Bralles who had run from the premises was discovered hiding some distance from the Newman home. Both Whelan and Bralles were taken to the Elmhurst police station.

The neighbor Mrs. Trent observed the above activity as it occurred in the yard of the Newmans. Thus, the defendant Whelan was identified at the scene of the crime by Mrs. Newman, Mrs. Trent, Officer Zaroogian, and Officer Scahill. As the Defendant Whelan was taken into the Elmhurst police station, he was observed in custody by Police Sergeant Heyer.

The defendant Whelan contends that count (2) of the indictment is insufficient to charge the offense of armed robbery because it fails to allege "any mental state." He cites Ill. Rev. Stat. ch. 38, par. 111—3, requiring that all elements of the offense be alleged in the indictment, specifically contending that the indictment fails to charge intent or knowledge.

In a recent case involving attempted rape and armed robbery, *People v. Charleston* (1969), 115 Ill.App.2d 190, 253 N.E.2d 91, the Court said:

"Robbery is not a specific intent offense, and it is enough that the defendant took the victim's money in the course of a forceful attack."

In *People v. Emerling* (1930), 341 Ill. 424, 173 N.E. 474, an armed robbery case the Supreme Court stated:

"In the present case no question of intent is involved. It was not required to be charged or proved."

Under earlier existing statutes because of the difference in the penalties that might be imposed, it was held that the proof of intent was necessary, but the Illinois Supreme Court in *People v. Johnson* (1931), 343 Ill. 273, 175 N.E. 394, stated:

"It is argued that proof of robbery with a gun requires proof of a specific intent. Prior to the amendment of the robbery statute the Act provided that when the defendant was convicted of robbery, in order to subject him to the greater penalty for being armed with a dangerous weapon, it was necessary to allege and prove that the person so guilty was armed with a dangerous weapon with the intent, if resisted, to kill or maim the victim. As amended in 1919, the Act provides that if the defendant is armed with a dangerous weapon he shall be imprisoned in the penitentiary. The question of intent is no longer involved in a robbery charge and is not required to be either charged or proved [Citations.]"

■■ This is the situation in the instant case. Defendant Whelan's contention is without merit.

The other question before this Court is the contention of the defendant Whelan that count (3) of the indictment charging aggravated assault against Officer Zaroogian under Ill. Rev. Stat., ch. 38, par. 12—2, is defective in that it fails to allege "without lawful authority." Assault is defined by the criminal code, Ill. Rev. Stat., ch. 38, par. 12—1, as "A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery." Aggravated assault is defined in pertinent part in 12—2, Ill. Rev. Stat. as "A person commits an aggravated assault, when, in committing an assault, he: (1) Uses a deadly weapon; * * *."

The question before the Court is whether or not an indictment charging aggravated assault must contain the words "without lawful authority."

■■ As Counsel has stated, Sec. 111—3 of the Code of Criminal Procedure, Ill. Rev. Stat., ch. 38, sets forth the essential elements of the form of the indictment or information. It would appear to this Court that an aggravated assault must be read with the definition of assault. In other words, when in committing an aggravated assault it should include the essential element "without legal authority."

■■ The State has confessed error in this count and the matter thereupon becomes moot. The maximum penalty that may be imposed for aggravated assault is one year. Defendant Whelan was found guilty on the other three counts of the indictment, including armed robbery. He

was sentenced to from 20-30 years in the State penitentiary, and as the jury found him guilty of the two major crimes of burglary and armed robbery, the error, if any, in failing to charge him with intent or knowingly committing aggravated assault did not in any way prejudice him as to the finding of guilt and subsequent sentence.

Judgment affirmed in part and reversed in part.

SEIDENFELD and T. MORAN, JJ., concur.