THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN HARVEY, Defendant-Appellant.

(No. 11379;

Fourth District—February 7, 1972.

CRAVEN, J., specially concurring.

John F. McNichols, of Defender Project, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington, (Richard E. Scott and Michael O. Gibson, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

A jury convicted defendant of aggravated battery upon counts of an indictment alleging as Count III, a battery causing great bodily harm; Count IV, a battery using a deadly weapon and Count V, a battery committed "without legal justification" knowing that one Kelley was a peace officer engaged in the execution of his official duties. Sentence of three to six years was imposed upon the charge alleging a battery causing great bodily harm.

Acting upon a report of an observed burglary, Kelley, a state trooper, stopped defendant and one Hussey on the highway. During the course of an arrest, defendant and Hussey seized Kelley, took his sidearm and attempted to shoot him and did beat Kelley with the weapon causing substantial head injuries.

██ Upon appeal it is urged that the Count III of the indictment upon which sentence was imposed is void for the reason that such count failed to allege that the battery causing great bodily harm was "without legal justification".

Ill. Rev. Stat. 1969, ch. 38, par. 12—4, defining the offense of aggravated battery does not contain the words "without legal justification". It is argued, however, that "battery" as defined in ch. 38, par. 12—3, is in the language:

"A person commits battery if he intentionally and knowingly without legal justification and by any means, (1) causes bodily harm * * *".

and that since aggravated battery is phrased in terms of one "(W)ho, in committing a battery causes great bodily harm * * *", the words

"without legal justification" must necessarily be alleged to charge a battery in the degree of aggravated battery.

Historically, in the sense of the common law and of our prior Criminal Code, "justification" for battery in the sense of exoneration was stated in terms of a defense. Such defenses were directed essentially to defense of the person, property and the making of arrests. 5 C.J.742, *Assault and Battery*, pars. 223 *et seq.*

Under the former Criminal Code, ch. 38, par. 56:

"Assault and battery is the unlawful beating of another."

This language was extended by construction to include any unlawful touching.

In *People v. Cantwell,* 253 Ill. 57, 97 N.E. 287, it was held that an information was not defective for failure to allege that the beating was "unlawful". Such conclusion was founded upon cited texts and cases under the common law.

In a civil action for assault and battery, it was held to be unnecessary to allege that the act was "unlawful". (*Smith v. Georgeoff,* 329 Ill.App. 444, 69 N.E.2d 525.) It is not unreasonable to consider that the words "without legal justification" are synonymous with the word "unlawful" of the former statute.

In *People v. Johnson,* 114 Ill.App.2d 415, 252 N.E.2d 674, it was said that justification for the use of force was an affirmative defense under Ill. Rev. Stat. 1969, ch. 38, par. 7—14. See also *People v. Nation,* 73 Ill. App.2d 438, 219 N.E.2d 261; *People v. Franklin,* 74 Ill.App.2d 392, 220 N.E.2d 872.

If the word "justification" employed in the statute is taken in its usual meaning, and we find no other meaning or definition set out in the Criminal Code or in the accompanying Committee Comments, the element of justification is a matter of exoneration or defense in the sense of the common law. Roget's Thesaurus (American Edition) shows "justification" to be synonymous with exoneration, exculpation or a defense. The same meaning is set out in the Shorter Oxford English Dictionary. Black's Law Dictionary advises that "justification" in an action of assault is a defense showing the violence to have been necessary.

The Committee Comments relating to Art.12 of the Criminal Code of 1961, S.H.A., ch. 38, Art.12, designated *Bodily Harm* makes clear that the present Criminal Code was a sorting out and clarification of the several offenses theretofore provided by statute, and a reorganization of such offenses within the perimeter of the existing law. It seems clear that the statutes as set out in the present Code did not undertake to alter the existing theory and scheme of the law or to introduce new elements into the definition of the several offenses. The defenses known to the

offenses codified as bodily harm were collected and placed in Art. 7 of the Criminal Code of 1961. Such defenses provided by statute included the former common law defenses relating to defense of persons or property or the making of arrests. Par. 7—14 of the Article provides that the justifiable use of force, or exoneration, is an "affirmative defense" and the Committee Comments state that the issue may appear in the evidence of either the defense or the prosecution.

The offenses denominated "Bodily Harm" in Art.12 of the Criminal Code were once again extensively reviewed by a committee of eminent jurists in the preparation of the instructions as found in IPI-Criminal, submitted to the Bar in 1968.

It is to be recalled that battery and aggravated battery are directed to the use of force. The introduction to ch. 24, IPI-Criminal, *Defenses,* 24.06 *et seq.,* discloses that the use of force is classified as a defense. The several instructions concerning the use of force so classified are directed to the use of force in defense of the person or property and the use of force by a peace officer or private citizen in making an arrest or preventing an escape. Such defenses are stated to be as provided in Art.7 of the Criminal Code. The introduction points out that the instructions provided in such chapter should not be given unless there is some evidence to "support the defense".

We note the consideration of the issue said to arise in Ill. Rev. Stat. 1969, ch. 38, par. 12—1, defining assault as conduct "without lawful authority". IPI-Criminal, 11.01 instructing the jury as to the definition of assault, notes that the words "without lawful authority" are to be used only where there is some evidence that the accused was acting with lawful authority. Instruction 11.02, defining the issues for such offense, contains the same reference. Turning to the statutes at issue, IPI-Criminal, 11.05 defining battery, and 11.06; stating the issues in battery, do not contain or refer to the words "without legal justification". The instruction defining aggravated battery, 11.07, and the instruction 11.08, stating the issues in aggravated battery, do not contain any reference to such words.

We conclude, therefore, that the statutory scheme as created by the Legislature did not contemplate, either historically or semantically, that a new and additional element was created as an essential element of charging the several offenses defined in the statute.

Defendant urges that *People v. Whelan* (Ill.App.2d), 267 N.E.2d 364, resolves the issue and states that the words "without legal justification" are essential in charging the offense of aggravated battery. That opinion makes clear, however, that the court, relying upon a confession of error, considered the issue as essentially moot and did not have occasion to

seriously examine the question. The concluding paragraph of the opinion suggests that the error actually confessed consisted in "failing to charge him with intent or knowingly committing aggravated assault".

This record discloses no evidence which suggests that defendant acted under actual or apparent legal justification of the force used.

■■ It is urged that the trial court should have granted probation, or that in the alternative, the minimum sentence should be reduced to two years. The record shows defendant's participation in a planned criminal sortie of substantial extent culminating in the attack upon a trooper in an apparent effort to escape arrest. The relevant provisions of ch. 38, par. 12—4 express the legislative concern concerning the pattern of warfare against persons performing official duties. The trial judge heard the evidence of the offense as well as the evidence upon probation and mitigation. The sentence imposed is neither unwarranted nor oppressive. The judgment is affirmed.

Judgment affirmed.

SMITH, J., concurs.

Mr. JUSTICE CRAVEN specially concurring:

I am persuaded that the statutory plan discussed in the majority opinion contemplates that the justified use of force is an affirmative defense and once raised by the defendant and some evidence introduced thereon, it then becomes the duty of the State to negate it beyond a reasonable doubt and the jury would be instructed with reference to justification. The phrase "without legal justification" therefore does not become an element of the offense of aggravated battery.

Thus, while I concur with the result reached in the majority opinion, I think our opinion should specifically relate the existence of a conflict between this district and the 2nd District and 5th District. In addition, in *People v. Grieco*, 44 Ill.2d 407, 255 N.E.2d 897, the court had before it the issue of whether or not it was necessary that an indictment alleged the means by which a battery was accomplished. The court held that such was not required. In discussing the necessary elements of the indictment, however, the court noted that the term "battery" was one of common usage and understanding and that the statute "itself set fourth all elements necessary to constitute the offense intended to be punished, viz., causing bodily harm to an individual intentionally and knowingly *without legal justification.*" (Emphasis supplied.) "Viz." is an abbreviation for videlicet and is ordinarily read as "namely"; thus, the court by dicta says that *without legal justification* is an element of the offense of battery. Since aggravated battery is defined in terms of

battery, an indictment enumerating the elements of aggravated battery would of necessity address itself to elements found in battery.

The 2nd District opinion in *People v. Whelan,* (Ill. App.2d), 267 N.E.2d 364, is a specific holding, aided by a confession of error by the People which the appellate court was free to accept or reject, that "without legal justification" was a necessary element and had to be included in the indictment. The 5th District in the case of *People v. McCaughan,* (Ill.App.2d), (N.E.2d), General No. 71-9, specifically held that "without legal authority" was a necessary element of assault as statutorily defined and that an information was required to include such allegation in order to state an offense.