THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* GORDON HUSSEY, Defendant-Appellant.

(No. 11391; ▮▮▮▮▮▮▮▮▮

Fourth District—February 17, 1972.

CRAVEN, J., concurring in part and dissenting in part.

Donald B. Mackay, and John F. McNichols, of Defender Project, both of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

■■ How to charge the offense of battery is the single question posed by

this appeal. Specifically, is the phrase "without legal justification" part of the definition at least for charging purposes. The statute making such conduct an offense includes such phrase:

"A person commits battery if he intentionally or knowingly *without legal justification* and by any means (1) causes bodily harm to an individual or * * *."

Defendant was charged with aggravated battery, which is a battery causing "great bodily harm" as distinguished from just "bodily harm", the adjective "great" being the distinguishing feature, at least as to one aspect of this offense. The charge read that on a certain day, in a certain place, defendant "committed the offense of aggravated battery in that while then and there committing the battery he did intentionally cause great bodily harm to [a named person] in violation of Ill. Rev. Stat. 1969, ch. 38, par. 12—4". As can be seen, the phrase "without legal justification" is absent from the charge and the defendant argues that he was therefore convicted of nothing at all, as no offense or crime was charged—that aggravated battery encompasses definitionally the idea that such must be "without legal justification".

It might be said that the statutory definition answers the question— since it is in the statute, it is, *ipso facto*, part of the definition, and therefore must be included in the charge. Indeed, there are expressions to that effect, though not binding upon us in the context rendered. In *People v. Whelan*, (Ill.App.2d), 267 N.E.2d 364, this same question, more or less, was raised, though thereafter rendered moot by confession of error. It involved the offense of assault where a similar phrase is found in the statutory definition—"without lawful authority". The court noted, even though moot, that since the definition of assault read "without lawful authority", it became an essential element which must be included in the charge—as the Code of Criminal Procedure requires that a charge set forth the essential elements of an offense. (Ill. Rev. Stat. 1959, ch. 38, par. 111—3.) The reasoning is persuasive, but as we shall see, we conclude otherwise. Though not raised as such in *People v. Grieco*, 44 Ill.2d 407, 255 N.E.2d 897, it was observed that the battery statute "set forth all elements necessary to constitute the offense intended to be punished, *viz.*, causing bodily harm to an individual, intentionally and knowingly without legal justification". Naturally, if the precise point had been raised, Grieco would be binding on us—but the court was concerned with the question of whether a charge of battery need allege the "means" used. It concluded otherwise.

It seems to us that the definition of battery is complete absent this phrase—"without legal justification", or to phrase it differently, the idea expressed therein, being a negative, is not one of the "essential ele-

ments". An excess of caution may have occasioned its inclusion, regardless the definition is quite complete without the "without", and while we appreciate the reasons for its cautionary inclusion, it is, in our opinion, still not an integral or material part of the definition. Rather, it is eluciatory—an attempt to clearly express the ideal that while certain types of battery may take place, as in "(1)" above, it would not be a crime if certain affirmative defenses—or certain circumstances exist. The section on "justifiable use of force—exoneration" is replete with situations where a battery is justified. (Ill. Rev. Stat. 1959, ch. 38, par. 7—1, *et seq.*) Consent too justifies a battery, or rather, excuses it, as in a boxing match, football game, or being jostled on a crowded bus.

■■ The offense of battery (or aggravated battery), we think is defined and charged when it is said that the accused intentionally or knowingly caused (great) bodily harm, and that the phrase "without legal justification" neither adds nor detracts from that definition. It is implicit in the definition, indeed, it is implicit in the word "battery". A 'battery' whch is legally justified is not a "battery". As we pointed out in *Grieco*, a battery is the wilful touching of the person of another by the aggressor, or some substance put in motion by him—it is the consummation of an assault. Inclusion of the phrase is surplusage, in the sense that evidence which evidences justification is admissible even absent this allegation.

Analogous in our context is the phrase "peace of the people" with regard to the deceased in the definition of murder prior to the rewrite in the Criminal Code of 1961 which replaced such phrase with the one present here—"without lawful justification". (Ill. Rev. Stat. 1969, ch. 38, par. 9—1.) In *People v. Capello*, 282 Ill. 542, 551, in discussing a People's instruction defining "peace of the People", it was observed that the allegation the victim of the homicide was in the "peace of the people" is not and never was necessary. Significant too, is the absence of the phrase in the IPI Criminal Instructions relating to battery—Sec. 11.05, *et seq.*

A bit of history will give added credence to our conclusion. At common law, and prior to the Criminal Code of 1961, justification for battery was stated in terms of an affirmative defense. (5 CJ 742, Assault and Battery par. 223 *et seq.*) The statutory definition then was simply "Assault and battery is the unlawful beating of another". It is certainly reasonable to equate "unlawful" with "without legal justification". If we are right in our conclusion that the phrase, "without legal justification" is redundant so far as defining the crime or charging it, then the same could be said for the exclusion of "unlawful" in charging battery prior to the advent of our present Criminal Code. Such is precisely the case.

In *People v. Cantrell*, 253 Ill. 57, 97 N.E. 652, it was held that an information was not defective for failure to allege that the assault and battery was "unlawful".

In the charge before us, all of the elements of the offense were contained, and they certainly advised the defendant of the charge against him, enabled him to prepare a defense, and if it should be necessary, to plead the same in bar to a subsequent prosecution—reasons often advanced to determine the sufficiency, hence the certainty of a charge.

■■ Defendant was sentenced to a term of seven to ten years. He suggests as more fitting a minimum sentence of four. He characterizes the seven to ten as "punitive". It is certainly that, but not in the pejorative sense in which he uses it. We note, but *not* in passing, two prior sentences to the penitentiary in 1962 and 1965 for burglary and robbery. Under the circumstances, the sentence given was fully justified. Accordingly, we affirm the judgment.

Judgment affirmed.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN concurring in part and dissenting in part:

I agree that the conviction should be affirmed. Such is based upon my specially concurring opinion in *People v. Harvey*, 3 Ill.App.3d 774, 278 N.E.2d 417.

I am unable to agree that the sentence of the trial court should be affirmed. The sentence is contrary to the theory and policy of indeterminate sentences; is contrary to the theory and policy expressed in the Standards of the American Bar Association relating to sentences; and it substantially divests the parole board of its discretionary authority to determine the optimum release date in accordance with the defendant's behavior and rehabilitation during his incarceration. See *People v. Scott*, 117 Ill.App.2d 344, 253 N.E.2d 553.