THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER LEE DEARMOND, Defendant-Appellant.

(No. 11394; ▮▮▮▮▮▮▮▮▮▮

Fourth District—June 12, 1972.

CRAVEN, J., concurring in part and dissenting in part.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (William R. Gaston, Assistant State's Attorney, and L. Keith Hays, Jr., Senior Law Student, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Defendant was found guilty of armed robbery and of aggravated battery and appeals from a sentence of three years probation with the first year to be served at the Illinois State Penal Farm. He asserts (1) that the indictment as to aggravated battery and the jury instruction as to aggravated battery were both fatally defective because they did not include the words "without legal justification"; (2) were out-of-court statements of the identifying witness improperly admitted under the spontaneous declaration exception to the hearsay rule; and (3) in the face of an alibi, does the State prove a defendant guilty beyond a reasonable doubt where there is only one identifying witness.

■■ As to the first error assigned, we adhere to the views expressed in *People v. Harvey*, 3 Ill.App.3d 774, 278 N.E.2d 417, and *People v. Hussey*, 3 Ill.App.3d 955, 279 N.E.2d 732 (Leave to appeal in both cases granted

by the Supreme Court May 21, 1972), that the words "without legal justification" are not essential to a valid indictment for aggravated battery. We are not barred from considering this question by *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679, or *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24, for the reason that the facts with which we deal are clearly distinguishable from the facts existing in either of those cases. Our facts are more closely related to the facts existing in *People v. Johnson*, 44 Ill.2d 463, 265 N.E.2d 343, or *People v. Moore*, 51 Ill.2d 79, 281 N.E.2d 294, or *People v. Weaver*, 93 Ill.App.2d 311, 236 N.E.2d 362. Here the acts constituting the armed robbery and those acts constituting the aggravated battery are clearly divisible one from the other in the point of time and otherwise. The armed robbery was complete when the aggravated battery was committed. The victim in the one was different than the victim in the other. The proof required to sustain the one was different than the proof required to sustain the other. They are separate and distinct crimes and cannot be said to arise from the "same conduct" or the "same act". The order admitting this defendant to probation is not restricted to either charge in the complaint. Accordingly, if the defendant is to attack the validity of the indictment for aggravated battery and the judgment finding him guilty on that count, he is required to do so now or be forever barred from raising the question. *People v. Nordstrom*, 37 Ill.2d 270, 226 N.E.2d 19.

■■ The identity of the defendant as a participant in the crime rests solely upon the testimony of Joyce Tennyson, who was the cashier in the store at the time of the robbery and the aggravated battery. A motion to exclude the identification testimony was made prior to trial and a hearing conducted. On that hearing, she stated that three colored men entered the store carrying guns, each had a bandana handkerchief over his nose, and covering the lower part of his face. She stated: "I know Mr. DeArmond personally. I attended a class with him at school. The first one came into the store and said this was a robbery. I immediately recognized him as Walter DeArmond. He came over to my register and told me to open the drawer". As soon as the burglars left, she testified that she went to the manager of the store who was in back and immediately told him they had been robbed and that she knew one of the persons that did it. "I said it was Walter DeArmond". When the police officers came some five or six minutes later, she said substantially the same thing to them. Over objection, both the manager and the police officers were permitted to testify as to her statements and specific objection was made to this testimony. Later that evening, she went down to the police station and identified Walter DeArmond in a three-man line-up without having him pointed out. In the courtroom, she testified to sub-

stantially the same thing and on cross-examination stated: "I am certain today that it was Walter DeArmond". She likewise testified on cross-examination that she had never stated to the members of the history class subsequent to the event that she was uncertain that it was Walter DeArmond. The store manager testified in the motion to suppress that she was "pretty well shook up and excited". Objection was made that her statement to him was not a spontaneous utterance. He likewise testified that Miss Tennyson was "all shook up and nervous and scared and it took quite awhile to calm her down". Her statement to her employer was about two minutes after the robbery and about four to seven minutes later to the police officers. Under these circumstances, their testimony was admissible as a spontaneous utterance, but not for the purpose of identifying the defendant with the crime. This identification of the defendant was made in open court. The question here involved is whether her statements to her employer and to the police officers are admissible to corroborate the fact that she made an identification before the line-up and before her appearance in court. We think they are.

■■ Three factors are necessary to bring this testimony within the exception to the hearsay rule: (1) there must be an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) there must be an absence of time between the occurrence and the statement in which the witness might reflect or fabricate; and (3) that the statements must relate to the circumstances of the occurrence. (*People v. Poland*, 22 Ill.2d 175, 174 N.E.2d 804; *People v. Townsend*, 111 Ill. App.2d 316, 250 N.E.2d 169; *People v. Gardner*, 35 Ill.2d 564, 221 N.E.2d 232; *People v. Damen*, 28 Ill.2d 464, 193 N.E.2d 25.) The record in this case clearly brings Miss Tennyson's statement to the police officers and her employer within the stated rule. The rule expressed in these cases and the testimony of the police officers and of the employer preclude any thought that the identification made by Miss Tennyson was serving any self-interest or was the result of reflection and consideration, but that it established she expressed her real belief as to the facts she had just observed from an unusually startling and perhaps an emotionally traumatic experience for a young girl.

■ Students at the Afro-American History class testified that in response to some questions by them, she said in substance: "I don't really know for sure". The teacher testified overhearing the conversation when someone asked Miss Tennyson "how did you know it was him" and she said, "well, it looked like him". There is considerable confusion in the record as to precisely just what was said, but apparently DeArmond had been a member of the class and some of the students were questioning Miss Tennyson. This was after the arrest but before the trial. In the

atmosphere of this classroom, we do not regard her statements as a repudiation of the statements made to the police officers and to her employer or of her testimony in the courtroom, but it can readily be appreciated that in the atmosphere of this classroom, she was not perhaps as categorical in her identification as she was to her employer and to the police officers or in her testimony in the courtroom. The weight to be given her identification depends upon the credibility of the various witnesses and this is a question for the jury rather than for us. There is considerable variation as to the time, nature and content of the classroom conversation.

■■ Defendant was arrested about 10:30 to 10:45 P.M. and called his wife. The robbery occurred about 9:30 P.M. On the trial, his brother and sister-in-law testified that he was home until about 10 P.M. watching television, but they had no recollection of what was shown on television that night. Other witnesses testified he left with a friend about 10 P.M. to go to a girl's house. Once again, this is a question of credibility and the jury is not required to give credence in whole or in part to the alibi testimony. Thus, we have a situation where the strength of the identification must be weighed against the strength of the alibi. In the instant case, this rests with the credibility of the witnesses. One identifying witness is sufficient if there is credible evidence to support it even in the face of an alibi. See *People v. McGee*, 21 Ill.2d 440, 173 N.E.2d 434; *People v. Gardner*, 35 Ill.2d 564, 221 N.E.2d 232; *People v. Dirkans*, 18 Ill.2d 300, 164 N.E.2d 23.

There being no error in the record, the judgment is affirmed.

Judgment affirmed.

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN concurring in part and dissenting in part:

The defendant in this case was found guilty of armed robbery and aggravated battery. He was granted probation for a period of three years with the first year to be served at the Illinois State Penal Farm. As I view this record and under the authority of *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679, and the authority of *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24, only one sentence could be imposed. In *Stewart*, the offense was aggravated battery and attempt to commit robbery. The court held there could be no sentence on the charge of aggravated battery since the acts which constituted the offense of aggravated battery were not independently motivated or otherwise separable from the conduct which constituted the offense of attempted robbery. The same is true here and there can be only one sentence. The action of

the trial court was correct. For purposes of a final appealable order in a criminal case the grant of probation was the sentence. That sentence under *Whittington* would be only for armed robbery.

There is nothing in this record that presents an appealable order as to aggravated battery. Thus, that portion of the opinion which purports to hold the indictment valid as to aggravated battery is a matter beyond the jurisdiction of this court on this record. This court should not decide issues not presented by the record, even if such decision is essentially only academic.

I concur in the affirmance of the armed robbery conviction.