(Nos. 45078, 45097 cons.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN HARVEY, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GORDON HUSSEY, Appellant.

*Opinion filed January 26, 1973.—Modified on denial of rehearing April 2, 1973.*

JOHN F. McNICHOLS, Illinois Defender Project, of Springfield, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PAUL R. WELCH, State's Attorney, of Bloomington (JAMES B. ZAGEL, Assistant Attorney General, and STEVEN M. HELM, Senior Law Student, of counsel), for the People.

DONALD B. MACKAY, Public Defender of McLean County, of Bloomington, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PAUL R. WELCH, State's Attorney, of Bloomington (JAMES B. ZAGEL, Assistant Attorney General and STEVEN M. HELM, Senior Law Student, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

We granted leave to appeal from two decisions of the Appellate Court, Fourth District. In cause 45078 defendant, John Harvey, was convicted of aggravated battery following a jury trial in the circuit court of McLean County and was sentenced to the penitentiary for a term of 3 to 6 years. On appeal his conviction was affirmed. (*People v. Harvey, 3 Ill. App. 3d 774.*) In cause 45097 defendant, Gordon Hussey, pleaded guilty to aggravated battery in the same court and was sentenced to a term of 7 to 10 years in prison. A similar result was reached on appeal of this conviction. (*People v. Hussey, 3 Ill. App. 3d 955.*) For purposes of decision and opinion the causes have been consolidated.

The primary issue is the sufficiency of the indictments for aggravated battery upon which both defendants were sentenced. The indictment charging defendant Harvey read, in substance, as follows:

> "*** on the 1st day of September, 1969, at or near Shirley, Illinois, on U.S. Route 66, in the County of McLean and State of Illinois, [John Harvey] committed the offense of AGGRAVATED BATTERY in that while then and there committing the battery intentionally did cause great bodily harm to Leonard Kelley, in violation of Section 12—4, Chapter 38, Illinois Revised Statutes."

The indictment charging defendant Hussey was virtually identical.

Defendants now argue that by definition the offense of aggravated battery includes "battery" (Ill. Rev. Stat. 1969, ch. 38, par. 12—3) and a necessary element of the latter offense is that it be committed "without legal justification." They conclude that the indictments are void because they do not include this essential allegation, thus requiring reversal of their convictions.

Defendants maintain that there is a split of authority on this issue. They direct our attention to appellate decisions in the Second and Fifth Districts, which have

held that failure to allege that the offense charged (aggravated assault) was committed "without legal authority" rendered the resulting convictions invalid. (*People v. Whelan, 132 Ill. App. 2d 2, 267 N.E.2d 364; People v. McCaughan, 3 Ill. App. 3d 720.*) Conversely, the First District has followed the views expressed in the *Hussey* decision. *People v. White, 7 Ill. App. 3d 1084.*

The requisites for determination of the sufficiency of an indictment are enunciated in the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, par. 111–3.) As we have held, the indictment must be such as to inform the accused of the nature of the charge, thus allowing him to prepare a defense and to serve as a bar to a future prosecution for the same offense. (*People v. Ross, 41 Ill.2d 445, 448; People ex rel. Miller v. Pate, 42 Ill.2d 283, 285,* and cases cited therein.) An indictment which is phrased in terms of the statutory offense may be valid if the words "so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged." *People v. Patrick, 38 Ill.2d 255, 258.*

Here, we find that the indictments, which are couched in statutory terms, sufficiently informed each defendant of the charge and would operate to bar a subsequent prosecution. Moreover, in *People v. Mills, 40 Ill.2d 4,* defendant argued that the indictment's failure to allege that he "knowingly" possessed narcotics was error. We found that "knowledge" was an essential element of the crime there charged. However, his contention was rejected because the term "possession," which was used in the indictment, was statutorily defined to incorporate the element of "knowledge." We concluded that "It is the law in this State that 'Where a word is so used in one portion of a statute as to have a clearly defined meaning, the same word when used in another portion of the same statute will be given the same meaning ***.' (*People v. Talbot, 322 Ill. 416, 422.*) Accordingly we find that the defendant

must be held chargeable with notice that the term 'possession' used in the indictment implicitly meant *knowing* possession, and therefore we hold that the indictment returned against Mills was valid although it did not expressly allege that he had knowledge of the narcotics found within his control." 40 Ill.2d at 12.

Similarly, in the present cases each indictment alleged that the offense charged occurred while in the commission of a battery. The statute defining battery (Ill. Rev. Stat. 1969, ch. 38, par. 12–3) contains all the elements necessary to constitute this offense, including the lack of lawful justification. (*People v. Grieco, 44 Ill.2d 407, 410.*) We therefore hold, as in *Mills,* that the defendants cannot complain that they were not explicitly informed that the offense charged was committed without lawful justification.

Defendants further contend that their sentences are excessive. In support of their position they rely on section 8–2–4 of the Unified Code of Corrections which reads in pertinent part:

"If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008–2–4, effective January 1, 1973.

In *People v. Chupich (1973), 53 Ill.2d 572,* defendant was convicted of the unlawful sale of narcotics (Ill. Rev. Stat. 1965, ch. 38, par. 22–3) and sentenced to the penitentiary for a term of 25 to 60 years. While his direct appeal was pending the act under which he was sentenced was repealed and the Controlled Substances Act was adopted. (Ill. Rev. Stat. 1971, ch. 56½, par. 1100 *et seq.*) Section 601 (par. 1601) of the latter enactment is substantively identical to section 8–2–4 of the Unified Code of Corrections upon which defendants herein depend.

In *Chupich* we affirmed defendant's conviction but remanded the cause to the trial court to determine whether the lesser penalties prescribed by the Controlled Substances Act were applicable and, if so, to sentence defendant accordingly. In so doing we interpreted section 601 of that act and section 8—2—4 of the Unified Code of Corrections as applying to cases pending on direct appeal. 53 Ill.2d 572, 584.

In the present case defendants correctly maintain that their sentences are in excess of those which may now be imposed for aggravated battery. This offense is now characterized as a Class 3 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 12—4.) The Unified Code of Corrections provides that crimes in this category may subject a defendant to a term of imprisonment of 1 to 10 years. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(4).) However, the minimum term of incarceration imposed by the trial court "shall not be greater than one-third of the maximum term set in that case by the court." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4).) Here, the minimum term imposed on each defendant exceeds one third their maximum sentence.

Therefore in compliance with our decision in *Chupich* we hold that defendants may avail themselves of the provisions of the Unified Code of Corrections which mitigate their minimum sentences, for their direct appeals were not finally adjudicated as of the effective date of that statute. We affirm the judgment of the appellate court and remand these causes to the circuit court of McLean County with directions to resentence defendants in accordance with the views herein expressed.

*Affirmed and remanded*
*with directions.*