THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES WEBB, Defendant-Appellant.

(No. 55818;

First District—December 29, 1971.

*Rehearing denied January 26, 1971.*

Gerald W. Getty, Public Defender, of Chicago, (Lee T. Hettinger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Edward B. Mueller, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Charles Webb, was indicted for the crime of burglary. After a jury trial in the Circuit Court of Cook County, the defendant was found guilty and the court imposed a sentence of five to ten years in the state penitentiary.

The issues presented for review are whether the defendant was

proven guilty beyond a reasonable doubt, and whether the sentence imposed by the trial court should be reduced.

During the early morning hours of October 6, 1968, burglars cut a hole in the roof of a leather goods shop on East 79th Street in Chicago. The burglars entered the store by a ladder lowered through the hole. A police officer, William Dinga, responded to a call to investigate suspicious men on the roof. When the officer arrived in the alley behind the store, a man, identified by the police officer to be the defendant, was on the roof above the leather goods store. Officer Dinga observed another man through the rear window of the store. The second man was attempting to pass store merchandise up the ladder to the man on the roof. The police officer shone his flashlight on the men and identified himself. Officer Dinga testified that at this point the man in the store reached into his coat for what appeared to be a weapon and whirled around to face him; the officer fired one shot at the unidentified burglar who then escaped.

After firing at the man in the store, Officer Dinga turned his attention to the man on the roof, Charles Webb, the defendant. According to the police officer's testimony, Webb had a weapon, later identified to be a knife. When the man began to run at the officer he fired at him twice, wounding him in each leg.

As a basis for his claim that the State did not prove him guilty beyond a reasonable doubt, the defendant presented facts which differed in part from those offered by the State. The defendant denies any involvement with the burglary of the leather goods shop. He claims that earlier in the evening he had given a ride to an acquaintance and his girl friend, who had smoked marijuana in his car. After dropping them off and stopping to get something to eat, he was returning to his car when he thought he saw the same two people again. So he would not be asked to give them a ride and risk arrest if they began to smoke marijuana again, he claims he took a shortcut through the alley behind the burglarized leather shop to return to his car. Once in the alley he climbed onto the porch above the leather shop to hide from his friend. It was at this point he heard the police officer announce that he was a police officer. Since he knew he should not be on the roof, he claims he attempted to open a door on the porch, which was locked. As he was attempting to do this, he claims the police officer shot him in the leg. The defendant denied possession of the knife offered into evidence as the weapon in his possession when Officer Dinga shot him.

■■ The testimony of the defendant contradicts the police officer's version of the events on the evening in question. It is, however, a well settled proposition of Illinois law, as stated by the Supreme Court in

*People v. Glover* (1971), 49 Ill.2d 78, that it is the province of the trier of fact (here the jury) to determine the weight and credibility of the witnesses who appear before the court. In *People v. Glover,* the court stated:

"It is axiomatic that it is the function of the trier of fact to determine the credibility of the witnesses, and its finding of guilty will be disturbed only when the evidence is so unsatisfactory as to leave a reasonable doubt as to defendant's guilt. Moreover, the testimony of a single witness, if it is positive and the witness credible, is sufficient to convict, even though the testimony is contradicted by the accused."

■■ There is nothing in the record, other than defendant's testimony, that tends to contradict or make unbelievable the testimony of the arresting officer; nor is there any question he is a credible witness and his testimony is positive. In light of these facts, this court will not substitute the judgment of the trier of fact with its own.

The defendant also contends the sentence, five to ten years in the state penitentiary, which the trial judge imposed on him, is excessive.

The statutory penalty for burglary as set forth in section 19—1(b) of the Code of Criminal Procedure is imprisonment "for any indeterminate term with a minimum of not less than one year." Ill. Rev. Stat., 1967, ch. 38, par. 19—1.

■■ When the sentence is within the statutory limits, as in this instance, it will not be disturbed unless it is a departure from the norm for sentences for similar offenses committed under similar circumstances. (*People v. Wallace* (1969), 117 Ill.App.2d 426.) The facts evident upon a review of the record demonstrate that defendant's sentence is within the statutory limits prescribed for the offense for which he was convicted and, as such, we think the trial judge imposed a proper sentence.

For the reasons stated herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.