THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD MUHLETHALER, Defendant-Appellant.

(No. 56037;

First District—December 27, 1972.

Adamowski, Newey & Riley, of Chicago, (Francis X. Riley, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Cary Lind, and William Hedrick, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Ronald Muhlethaler, was charged in a complaint with the offense of aggravated assault. After a bench trial in the Circuit Court of Cook County, the defendant was found guilty of aggravated assault and the court imposed a sentence of sixty days in the county jail.

The issues presented on review are whether the complaint charging the defendant with aggravated assault was so vague that it failed to inform the defendant of the nature of the conduct which constituted the offense charged, and whether the defendant was proven guilty beyond a reasonable doubt.

On the evening of May 6, 1970, a crowd of approximately 200 people had formed in the parking lot of the ROTC Building on the University of Illinois Chicago Circle Campus. Officers Kenneth Young and Harry Cerniak of the Chicago Police Department were ordered to back up the University Police in helping disperse the crowd. At the time the crowd was ordered to disperse, Officers Young and Cerniak came in contact with the defendant. As the crowd was dispersing, the defendant remained and was told by Officer Young he would be arrested if he did not disperse.

The defendant, after addressing certain abusive epithets to Officer Young, proceeded to withdraw with Officer Young following him.

When the defendant reached the end of the parking lot, approximately 150 feet away, Officer Young testified the defendant "bent down in a sweeping motion with his right hand, and picked up an assortment of rocks and in the same motion attempted to throw them at me." Officer Young testified further he was afraid of being struck in the face because he was not wearing a faceguard. To avoid that possibility, he jabbed the defendant with his baton causing him to fall. Officers Young and Cerniak then arrested the defendant and as they attempted to place handcuffs on him, he started fighting and kicking. Subsequently he was handcuffed, placed in custody, and a complaint charging him with aggravated assault was filed. The complaint reads as follows:

> "Ken Young, complainant, now appears before the Circuit Court and in the name and by the authority of the People of the State of Illinois states that Ronald Muhlethaler has, on or about 6 May 1970, at 1112 South Halsted, Cook County, Illinois, committed the offense of Aggravated Assault in that he, while committing an assault on Ken Young that is without lawful authority he engaged in conduct which placed Ken Young in reasonable apprehension of receiving a battery, knew the said Ken Young to be a peace officer of the Chicago Police Dept. engaged in the execution of his official duties, in violation of Chapter 38, Section 12—2(a)(6), Illinois Revised Statutes, and against the peace and dignity of the People of the State of Illinois."

During the course of the defendant's trial, the court heard the testimony of the arresting officers as to the defendant's conduct on the evening in question. The court also heard the testimony of four defense witnesses who had been part of the crowd in the parking lot on the evening of the alleged incident. All four testified to seeing the defendant moving backward with Officer Young following. Two of the defense witnesses, Steven Letzsch and Richard Nitti, also testified they observed the defendant fall at the edge of the parking lot. They both admitted being friends of the defendant and denied seeing the defendant with any rocks in his hands.

In addition to the testimony of the defense witnesses, the court also heard the defendant's testimony wherein he admitted being in the parking lot on the evening in question, and also admitted calling Officer Young "an ass." The defendant, however, stated he did not bend down to pick up rocks at the edge of the parking lot. Rather, he stated he fell on the gravel at the edge of the lot as Officer Young followed him, and to his knowledge he did not have anything in his hand when he arose.

At the conclusion of the trial, the court found the defendant guilty of aggravated assault and sentenced him to sixty days in the county jail. The defendant herein appeals from this sentence.

■■ The first issue presented for review is whether the complaint charging the defendant with aggravated assault was so vague that it failed to inform the defendant of the nature of the conduct of the offense charged.

The defendant claims the complaint in the instant case was written totally in the generic words of the statute which he was charged with violating and, as such, failed to inform him of any offense he may have committed. Based on this assertion, the defendant contends the complaint clearly violates the Sixth Amendment of the United States Constitution and Article I, Section 8 of the Constitution of the State of Illinois, both of which insure a defendant be informed of the nature of the charge against him. In support of his contention, the defendant relies primarily on the decision in *Russell v. United States* (1962), 369 U.S. 749, where the Supreme Court of the United States stated:

> "It is an elementary principle, of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the generic terms as in the definition; but it must state the species,—it must descend to particulars.'"

In view of this language in *Russell v. United States,* the defendant urges this court accept his contention that the complaint charging him with aggravated assault was so vague it failed to inform of the nature of his conduct which led to the complaint.

It does not appear the defendant's contention is well taken. The case which the defendant relies upon (*Russell v. United States*), does require a criminal complaint sufficiently specify the conduct which the defendant must defend against; however, the law in Illinois as to the requisite specificity of a criminal complaint is set forth in *People v. Grieco* (1970), 44 Ill.2d 407. The court in *People v. Grieco,* in affirming a conviction for battery, stated:

> "[A]n indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone to notify the accused of the precise offense charged against him. [Citations omitted.] But where the statute does not specifically define the crime, or does so only in general terms, some act showing an alleged violation of the statute must be averred."

The court in *People v. Grieco* further stated the term "battery" is one

of common usage and understanding, and is set forth as such in the statute. We believe the term "assault" is likewise of common usage and understanding, and the statute clearly sets forth the elements necessary to constitute the offense, namely, conduct which places another in reasonable apprehension of receiving a battery. The complaint in the instant case not only set forth these elements but also recited the date and place of the alleged assault, as well as the person against whom the assault was directed and the capacity in which he was acting. For these reasons we must reject the defendant's contention that the complaint against him was so vague it failed to inform him of the nature of the conduct of the offense charged.

The second issue presented for review is whether the defendant was proven guilty beyond a reasonable doubt. The defendant contends the State failed to prove him guilty of aggravated assault beyond a reasonable doubt. The basis for the defendant's contention is the assertion the State failed to prove an essential element of assault in that it did not prove Officer Young was placed in reasonable apprehension of receiving a battery. In further support of this contention, the defendant relies on his own testimony to the effect he did not observe the manifestation of any fear on the part of Officer Young.

■■■ The record reflects Officer Young, in testifying to his confrontation with the defendant, stated he was afraid of being hit in the face because he had no faceguard. In view of this statement it appears the testimony of the defendant is in direct contradiction with Officer Young's version of the events on the evening in question as to the element of the police officer being placed in reasonable apprehension of receiving a battery. It is a well settled proposition of Illinois law that it is the province of the trier of fact, here the judge, to determine the weight and credibility of the witnesses who appear before the court. (*People v. Glover* (1971), 49 Ill.2d 78.) Furthermore, the testimony of a single witness, if it is positive and credible, is sufficient to convict, even though the testimony is contradicted by the accused. (*People v. Webb* (1972), 3 Ill.App.3d 1012.) There is nothing in the record, other than the defendant's testimony, that tends to contradict or make unbelievable the testimony of the arresting officer; nor is there any question he is a credible witness and his testimony is positive. In view of these facts, we will not substitute the judgment of the trier of fact with our own.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.