BERNARD DONNELLY

*v.*

ROBERT HARRIS *et al.*

</div>

1. DAMAGES — *mitigation of exemplary.* While words spoken do not constitute a defense for an assault or an imprisonment, nor even a ground for mitigating or reducing the damages actually sustained by the defendant, and it is error to so instruct the jury, still they may be considered for the purpose of mitigating exemplary damages, together with all of the surrounding circumstances.

2. MALICE — *damages.* Where the evidence shows malice 'on the part of defendant, and his conduct is wanton and atrocious, the law authorizes a jury to assess punitive damages as a punishment. And the provoking language must be direct and apply to the defendant, before he can insist that it shall mitigate punitive damages, and even then he must not have acted beyond reason and simply relied upon the provocation as an excuse for atrocious and outrageous injury to plaintiff.

3. INSTRUCTIONS — *vindictive damages.* When the court has correctly instructed the jury, that, if the evidence warrants it, they may give vindictive damages, it is erroneous to instruct for the defendants that they can only give such damages as the plaintiff has proved; such an instruction is calculated to mislead, as it implies that no damages can be allowed, actual or vindictive, unless the amount is proved, while it is the province of the jury to fix the damages in view of all of the circumstances appearing in evidence.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of trespass *vi et armis* and for false imprisonment, brought by Bernard Donnelly, in the Jo Daviess Circuit Court, to the March Term, 1862, against Robert S. Harris, Daniel S. Harris and John C. Hawkins. The declaration contained two counts, one for a false imprisonment and the other for an assault and beating of plaintiff. Defendants filed a plea of not guilty.

On the trial, it appeared that plaintiff and defendants got into an altercation near the recruiting office, in Galena. That it originated in reference to the alleged failure of some volunteers to obtain their bounties. The dispute seems to have been between plaintiff and one McMaster, when Robert S. Harris struck plaintiff several blows, from the effects of which he seems to have bled pretty freely. Witnesses state that plaintiff had said nothing to Harris when he struck him.

It appears, that plaintiff was taken to the common jail of the county by Hawkins, without warrant or mittimus, and was confined there, being locked up at night in the felons' cell and permitted to occupy the hall during the day, from the 11th of August, 1862, until the 1st of September following. He was then taken to Chicago and confined in Camp Douglas as a prisoner about two or three months.

The jury found the issues for the plaintiff, and assessed the damages at $50 ; and he thereupon moved the court to set aside the verdict and grant a new trial, because it was too small, because the jury found against the instructions, and because the court misdirected the jury. The court overruled the motion and rendered judgment on the verdict, from which plaintiff appeals to this court and asks a reversal of the judgment.

Mr. L. SHISSLER and Mr. D. SHEEAN, for the appellant.

Messrs. GLOVER, COOK & CAMPBELL, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted that the court below erred in modifying plaintiff's fifth instruction before it was given. As asked, it was this:

" The jury are instructed that words spoken are no istification for blows, and that the words proved to have beei spoken, are no justification for the arrest and imprisonment of the plaintiff."

The court modified the instruction as follows: " but they may be considered by the jury in mitigation of damages," and gave it as so modified.

Had this modification been limited to exemplary damages it would have been correct, but it may well have been understood by the jury as applying to actual damages, and they would thus have been misled. To allow them the effect to mitigate actual damages would be virtually to allow them to be used as a defense. To say they constitute no defense, and then say they may mitigate all but nominal damages, would, we think, be doing by indirection what has been prohibited from being done directly. To give to words this effect would be to abrogate, in effect, one of the most firmly established rules of the law.

The rule, as we understand it, is, that words do not justify an assault or false imprisonment, nor will they in such cases mitigate the actual damages, but they may, with all of the surrounding circumstances, be considered on the question of vindictive damages. As they depend upon the wanton conduct of the defendant, it is proper, that every circumstance, immediately connected with the transaction, should be considered in determining whether the defendant should be punished, by inflicting damages beyond the injury actually received by the plaintiff. It is only by considering what was said and done at the time that the *animus* of the defendant can be known. If the language employed was not calculated to provoke and excite passion, then the jury should, in considering the question of vindictive damages, give it no weight. Or, if the injury was great and the conduct of defendant atrocious and without

reason, then the language of plaintiff should have but little weight in fixing vindictive damages. On the other hand, if the language was grossly insulting, and well calculated to create a uncontrollable degree of passion, and defendant acted under is influence, and only as a reasonable man would do under high excitement, a jury would not likely give vindictive damages.

When the evidence shows deliberate malice, a vindictive spirit, or a reckless disregard for the personal security of another, and the person committing the wrong does so to gratify his malice, the law has always authorized a jury to give smart-money, as a kind of punishment for the aggravated wrong. But, when it is without malice, and it is not wanton and reckless, but is produced under highly provoking language, the law will not imply such malice as requires to be punished with vindictive damages. But this must be understood with some limitation, because, if the wrong is carried to an excess, and is greatly disproportioned to the provocation, and beyond what a prudent man would have done, then it would manifest such malice as would require punishment by imposing smart-money. And the provocation of the plaintiff must be direct, and must immediately concern the defendant, to authorize it to be considered even in mitigating vindictive damages. When a battery is justified as being in self-defense, if it appears that it was carried beyond reason, the defendant is held liable, as though he had made the first assault. So with insulting or abusive words, while they may repel the presumption of malice, still, if the defendant exceeds the bounds of reason, and thereby manifests a wicked spirit, by excessive injury or imprisonment, the provoking language would not mitigate punitive damages. The modification was therefore erroneous.

By the first of plaintiff's instructions, the jury were informed that it was within the province of the jury to give exemplary damages. But for the defendant the court gave this instruction: "If the jury should find the defendants, or either of them, guilty, they can only assess such damages as the plaintiff has proved against the defendant, or defendants, found guilty."

This instruction may have been considered by the jury as in conflict with the first of plaintiff's instructions, which had stated the law correctly. This latter instruction may have led the jury to suppose they could not give exemplary damages, no matter how vindictive, reckless and atrocious the conduct of the defendant, unless there was proof of such damages. Whether such damages should be given is a question for the consideration of the jury, and not for the court.

That was a question for their consideration, and it should have been left to them. When the jury can see, from the whole case, that a defendant was actuated by malevolence, a reckless and wanton disregard for the rights of the plaintiff, they should give vindictive damages. These two instructions being in conflict, the jury were not instructed as to the law of the case, but were left to choose either of the conflicting propositions. The plaintiff had the right to have the law correctly stated to them. It is not in our power to say that the jury were not misled by these repugnant instructions, and the probability is, that they were, as in their efforts to reconcile them, they would naturally suppose that punitive damages were matter of proof, which is not the law.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*