## WILLIAM SORGENFREI
### *v.*
## CHARLES SCHROEDER.

1. EVIDENCE — *assault and battery — threat not communicated.* On the trial of an action of trespass for an assault and beating, the defendant offered to prove that the plaintiff told the witness, just before the difficulty, that he was going to see the defendant, and "if he didn't pay him, he would fix him," which the court refused to admit. The remark was not communicated to defendant before the difficulty: *Held,* that the court did not err, and the remark was unimportant in itself, and not so closely connected with the affair as to make it a part of the *res gestæ,* as it was not communicated to the defendant.

2. EXCESSIVE DAMAGES — *trespass to the person.* Where on the trial of an action of trespass to the person the proofs showed that plaintiff demanded payment of a note of the defendant, and on his refusal denounced him as a swindler; that for this provocation he made an assault upon plaintiff, and struck him a violent blow over the head with an iron bar—an instrument sufficient to have produced death—inflicting a severe injury, which kept him from labor for several weeks, at which he had been earning $4 a day: *Held,* that $600 damages were not excessive.

3. ASSAULT AND BATTERY — *abusive words no justification.* The charging of a party as being a swindler is no justification for his assaulting and beating the person using such abusive words.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of trespass, brought by Charles Schroeder against William Sorgenfrei, to recover damages for an assault and battery upon the plaintiff by the defendant. The opinion of the court contains a substantial statement of the material facts of the case.

Messrs. WOOD & LOOMIS, for the appellant.

Messrs. BRANDT & HOFFMANN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass, assault and battery, in the Cook Circuit Court, tried by a jury on issues made up on the pleas of not guilty and *son assault demesne.* The verdict was for the plaintiff, and damages assessed at $600, and judgment accordingly.

On this appeal by defendant we are asked to reverse the judgment, for the reason that the verdict is contrary to the evidence, that improper instructions were given for the plaintiff, and that the damages are excessive.

There is some conflict in the testimony as to the assault and beating; but we think the jury have decided, upon the weight of evidence, that the defendant made the assault, and struck plaintiff a violent blow over the head with an iron bar, an

instrument sufficient to have produced death. As it was, a very severe blow was inflicted, and it was not inflicted by the defendant in defense of his own person, habitation, or property. The demand plaintiff made upon the defendant, that he should pay his over-due note, which defendant refused to do, but offered one hundred dollars for the note, when plaintiff denounced him as a swindler, was the only provocation for the assault and beating.

It is not necessary to cite authorities to show that the charge of swindling was no justification for the beating and wounding. That the jury took this into consideration in estimating the damages, seems probable from the small verdict rendered.

We perceive no error in the instructions. There were but two, and state the law correctly, as often expounded by this court.

It is complained by appellant that the ruling of the court in excluding the testimony he proposed to offer, of one Lichtemeyer and one Schmidt, worked injury to him, and was error. Appellant proposed to prove by these witnesses that they saw appellee immediately before he went to appellant's shop, where the difficulty occurred, and that appellee said to these witnesses, in substance, that he was going down to see appellant, and "if he didn't pay him, he would fix him."

That appellee went to appellant's shop in a state of excitement, is clearly inferable from all the testimony. He had been there twice before on that day to get the money on the note, and quite probably was not in a very pleasant humor. What he meant by saying: "If he did not get his pay he would fix him," is left to conjecture. Appellant knew nothing of this, and of course did not graduate his conduct by it. The remark was unimportant in itself, and not so closely connected with the affair as to make a part of the *res gestæ*, as it was not communicated to the other party. We see no error in rejecting this testimony.

As to the damages, if appellee and his witnesses are to be believed, and we know of no reason why they should not be, appellee received a most serious injury, which prevented him from labor for several weeks, at which labor he was earning four dollars a day. The loss of time, pain and suffering, medical attendance and, indignity suffered, is not over compensated by six hundred dollars. We find no fault with the verdict on that score. There is nothing, apparently, vindictive in the finding. The judgment must be affirmed.

*Judgment affirmed.*