# PETER ABT

*v.*

## MINNIE BURGHEIM.

1. ASSAULT AND BATTERY—*party using more force than is reasonably necessary.* Although a person has the right to eject another from his premises who forcibly enters the same, or who, being there, uses indecent or abusive language, or commits an assault upon him, yet, in so doing, he must use no more force than is reasonably necessary for that purpose, and if he use more force than is reasonably necessary under the circumstances of the case, he will be liable, in an action of trespass, for whatever damage is thereby done.

2. In such case, an instruction that the defendant would be justified in using all the force necessary in expelling the plaintiff, is erroneous in omitting the indispensable element of the reasonableness of the force allowed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BRANDT & HOFFMANN, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This was an action of trespass, by appellee, against appellant, for assault and battery.

Appellant pleaded, first, not guilty; second, *son assault demesne;* third, that he was the keeper of a public house, and appellee came therein, and made a loud noise and disturbance, and annoyed the guests, etc.; that appellant requested her to desist, but she refused, and appellant gently removed her, etc.

It was stipulated that all evidence admissible under any proper special replications to the second and third pleas might be given in evidence by appellee, without specially replying to those pleas.

The jury returned a verdict in favor of appellee, assessing her damages at $250, upon which the court, after overruling a motion for a new trial, gave judgment.

In the conflicting state of the evidence, it will be unnecessary to spend much time in considering the question whether the evidence sustains the verdict.

Appellant was occupying the upper rooms of a house on Canal street, in Chicago, as a hotel, and a room therein, on the ground-floor, as a bar-room. Appellee's husband occupied a store-room on the same floor, between which and appellant's bar-room was a common hall, accessible by doors from each room.

On the 4th of July, 1874, appellee's children, together with others, were playing in this hall, and were driven out by appellant. Whether he inflicted violence on them or not, is uncertain. He says he did not. They went crying, how-

ever, to their mother, appellee, saying he had slapped them, and she became angry, and. no doubt, was somewhat abusive and insulting to him. That he put her out of his bar-room violently, is not disputed. She swears he struck her twice with his fist—the last time, knocking out two of her teeth, bruising her face and prostrating her, in an insensible condition, on the steps of a stairway in the hall. She is corroborated, as to his striking her twice with his fist, by another lady who witnessed a part of their difficulty, and also by one of appellant's witnesses, August Deege. Appellant's denial of using his fist is not very satisfactory. He says he gave her a push, but don't know whether he *struck her in the face* or not, thus, by implication, admitting a striking.

Appellee was considerably injured, and we are unable to say, from the evidence, appellant used no more force than was reasonably necessary, even if we shall concede he was justified in using force at all. We do not feel warranted in disturbing the judgment, either on the ground that the jury were actuated by passion or prejudice, or that they misapprehended the effect of the evidence.

Appellant asked the court to give the following instructions, which were refused, and their refusal is assigned for error:

" 1. The jury are instructed that if they believe, from the evidence, that, upon the day mentioned in the declaration, the plaintiff, Burgheim, came upon the premises of the defendant in an excited and disorderly manner, and, while there, used indecent language, and finally struck the defendant, Abt, in the face, then the defendant was legally authorized to eject the plaintiff from his premises, and was justified in using all the force necessary in putting the plaintiff out of his house, and was not guilty of an assault and battery in so doing.

" 2. The jury are instructed, as a matter of law, that if they believe, from the evidence, that the plaintiff forcibly entered the premises of the defendant, and assaulted and beat

the defendant, he was justified in opposing force to force, even to a wounding, or mayhem, in self-defense.

" 3. The jury are instructed that if they believe, from the evidence, that the plaintiff, Burgheim, came upon the premises of the defendant in a defiant and noisy manner, and, while in defendant Abt's house, committed an assault and battery upon defendant, then the defendant was not obliged to request or ask plaintiff, Burgheim, to leave his house or premises, but had a legal right immediately to eject or put out the plaintiff, and use all necessary force for that purpose; then they should find the defendant not guilty."

These instructions were properly refused.   Even if appellee did forcibly enter the premises of appellant, or, while therein, did use indecent and abusive language towards appellant, or did commit an assault and battery upon him, he was only justified in using such force as was reasonably necessary, under the circumstances, to defend himself and expel her from his premises; and if, in so doing, he used more force than was reasonably necessary under the circumstances, he was liable in the present action for the damages thereby done to appellee.   The indispensable element of the reasonableness of the force allowed to repel a personal assault or an unlawful invasion of premises, is wholly omitted from each of the instructions as asked, and the second expressly recognizes the right of the party to use any amount of force, without any restrictions whatever.

We see no cause to disturb the judgment, and it is accordingly affirmed.

                                        *Judgment affirmed.*