Scott v. Fleming.

ROBERT SCOTT

v.

SYLVESTER FLEMING.

1. ASSAULT AND BATTERY.—Words spoken are no justification for an assault and battery.

2. WORDS SPOKEN—MITIGATION OF DAMAGES.—An instruction that "while it is true that words alone and threats will not justify an assault and battery, still they may be properly considered in mitigation of damages." Held, erroneous. To allow the words spoken in effect to mitigate actual damages would be virtually to allow them to be used as a defense.

APPEAL from the Circuit Court of Mercer county; the Hon. A. A. SMITH, Judge, presiding. Opinion filed August 7, 1885.

Mr. B. C. TALIAFERRO, for appellant.

Mr. JOHN C. PEPPER, for appellee.

WELCH, J.   This was an action of trespass brought by appellant against the appellee for an assault and battery committed upon his person.   General issue pleaded; there was a trial and the jury found a verdict for the appellee; motion for a new trial; motion overruled and judgment for appellee for costs, from which judgment this appeal is prosecuted.

The appellant and appellee had known each other for some twenty years.   Appellant had boarded with appellee one year, eight months and five days.   He quit boarding with appellee on the 13th day of December, 1882.   Appellee went to the residence of appellant to settle with him, and, as claimed by appellee, a controversy arose between them in regard to the price to be charged for board.   Appellant insisted that the price was two dollars per week and appellee claimed that it was three dollars and twenty-five cents.   Appellant claimed that the agreement with the wife of appellee was two dollars per week.   Appellee denied any such agreement, and, as claimed by appellee, appellant called the wife of appellee a God-damned liar, when appellee struck appellant a severe blow, causing the blood to flow from the wound.   The blow, as claimed by appellee, was inflicted for the insulting words spoken in regard to his wife.   The law is that words spoken are no justification for an assault and battery.   Sorgenfrei v. Schroeder, 75 Ill. 397; Abt v. Burgheim, 80 Ill. 92; Donnelly v. Harris et al., 41 Ill. 126.   The court, at the instance of appellee, gave to the jury the following instruction, No. 3: The jury is instructed that while it is true that while words alone and threats will not justify an assault and battery, still they may be properly considered in mitigation of damages.   And if the jury believe from the evidence that just before the assault complained of the plaintiff used words of insult, and such as were calculated to provoke a breach of the peace, and misused the defendant and threatened him and abused his wife, and used insulting language of and concerning her, then such facts and circumstances are proper to be

Scott v. Fleming.

taken into consideration by the jury in mitigation of damages, in case the jury find the defendant guilty. In Donnelly v. Harris et al., 41 Ill. 126, a similar instruction was condemned. In that case an instruction in the following words, "The jury are instructed that words spoken are no justification for blows, and that the words proven to have been spoken are no justification for the arrest and imprisonment of the plaintiff," the court modified by adding the words, "but they may be considered by the jury in mitigation of damages." The Supreme Court say: "Had the modification been limited to exemplary damages it would have been correct, but it might well have been considered by the jury as applying to *actual damages* and would have been misleading. To allow them in effect to mitigate actual damages would be virtually to allow them to be used as a defense. To say they constitute no defense, and then say they mitigate all but nominal damages, would, we think, be doing by indirection what has been prohibited from being done directly. To give words this effect would be to abrogate in effect one of the most firmly established rules of the law." Under this authority the instruction given above for appellee was clearly erroneous and should not have been given.

It is also insisted by appellant's counsel that instructions number one and two, given for appellee, should not have been given. Under the pleadings in this case—there being no plea of justification—these instructions were unauthorized upon any issue presented. But the second instruction given upon the part of the plaintiff is drawn upon the same theory of the right to self-defense as those of appellee, of which he now complains. He is estopped from making the objection.

Under the evidence in this case, appellant was entitled to recover actual damages. The court erred in giving the third instruction for appellee and in overruling appellant's motion for a new trial and entering judgment.

For the errors indicated the judgment will be reversed and the cause remanded.