JAMES COGGINS

v.

CHICAGO & ALTON RAILROAD CO.

1. ASSAULT AND BATTERY BY CONDUCTOR—LIABILITY OF COMPANY.—An instruction that if the jury believe from the evidence that the plaintiff, while lawfully a passenger on a railway train of the defendant, was violently assaulted and beaten by the conductor of said train, and that said conductor was then in the employment of the defendant, defendant is liable to the plaintiff for whatever damages he may have sustained by reason of said assault and battery, and no mere words which plaintiff may have used to said conductor would be a justification for such assault and battery. *Held*, that under the circumstances of the case such instruction was proper, and it was error to refuse it.

2. INSTRUCTION—DISREGARDING EVIDENCE.—It is error to instruct the jury that if they believe the plaintiff has sworn willfully false upon any one point in the case, then they have the right to disregard the whole evidence.

ERROR to the City Court of East St. Louis; the Hon. WM. P. LAUNTZ, Judge, presiding. Opinion filed April 15, 1886.

Messrs. RAFTER & CANBY, for plaintiff in error ; that mere words are no justification for an assault and battery, cited Gizler v. Witzel, 82 Ill. 322 ; Ogden v. Claycomb, 52 Ill. 365 ; Donnelly v. Harris, 41 Ill. 126; Sorgenfrei v. Schroeder, 75 Ill. 397.

Mr. L. H. HITE, for defendant in error.

GREEN, J. Plaintiff below brought suit in case against defendant to recover damages for assault and battery committed (as alleged) by servants of defendant, upon plaintiff, while he was a passenger on defendant's train and resulting in serious bodily injury. In the court below the jury found a verdict of not guilty. Plaintiff's motion for a new trial was overruled. The court rendered judgment for costs against plaintiff, to reverse which he sued out this writ of error. On the trial plaintiff introduced testimony tending to prove that he entered

defendant's train at East St. Louis—paid his fare thence to Alton and thus became a passenger upon said train, and that on the way to his destination, the conductor demanded fare a second time. · A dispute arose, the conductor called him a liar and he retorted, whereupon the conductor struck him several blows, broke his nose and wounded him severely, and upon the arrival of train at next station, Mitchell, some short distance from East St. Louis, the conductor again demanded fare, renewed the dispute, and with the aid of a brakeman, forcibly dragged plaintiff from his seat and threw him off the train. On behalf of defendant the conductor denies that plaintiff paid fare, hence was not a passenger, and not entitled to the protection of the company; admits he struck the plaintiff several blows while on the car, but claims it was done in the heat of passion caused by plaintiff first calling him a God damned liar. Admits he ejected plaintiff from train at Mitchell, but says this was rightfully done because the fare was not paid, and no more force was used than necessary. The evidence conflicted upon the material points, and the instructions given by the court to the jury should have been accurate and applicable, and here it is proper to say that counsel for defendant in error insists that the third instruction asked on behalf of plaintiff was properly refused by the court, because the declaration charges the assault and battery to have been made at Mitchell and in putting plaintiff off the train, while the proof is, that the conductor assaulted and struck plaintiff on the train before reaching Mitchell. That the allegata and probata must correspond, and the substance of the issue must be proved, is true ; but it is averred in this declaration that an assault was made upon plaintiff between East St. Louis and Alton, and *also*, in addition, that defendant was ejected, etc., and further it is not so material to prove the time and place precisely as alleged in an action for assault and battery. 1 Green Ev., Sec. 61–63, 2d Ibid. 86; Hurley v. Marsh et al., 1 Scam. 329.

The gist of the action is the assault and battery ; that is the substance of the issue. The errors assigned necessary here to dispose of are the refusal of the court to give proper instruc-

tions on behalf of plaintiff, and giving improper instructions for defendant to the jury.

The third instruction asked for by plaintiff and refused by the court was: "The court instructs the jury that if they believe from the evidence that the plaintiff while lawfully a passenger on a railway train of the defendant was violently assaulted and beaten by the conductor of said train, and that said conductor was then in the employment of the defendant, defendant is liable to the plaintiff for whatever damages he may have sustained by reason of said assault and battery, and no mere words which plaintiff may have used to said conductor would be a justification for such assault and battery." If plaintiff was a passenger an assault made upon him by the conductor in the employ of defendant and while plaintiff was such passenger on its train, would render the company liable, and no defense under such circumstances not available to the conductor would avail the defendant; mere words or epithets, however opprobrious, used by the person assaulted to his assailant, will not justify an assault. Hence, the instruction refused would have informed the jury of an important rule, applicable, as we think, and proper in this case. The refusal to give it may have prejudiced the rights of defendant and was error. In the case of Chicago & Eastern R. R. Co. v. Flexman, 103 Ill. 546, Flexman, the passenger assaulted, lost his watch on the train and charged defendant's brakeman with stealing it; thereupon the brakeman struck Flexman with his lantern in the face, inflicting severe injury. Defendant was held liable, notwithstanding the provocation. This is the leading case in our State settling and determining the character and extent of the liability of common carriers of passengers for the acts of its servants in cases like this.

The third instruction given for defendant is erroneous, and is so confessed by counsel for defendant in error. It is:

"If the jury believe from the evidence that the plaintiff has sworn willfully false upon any one point in the case, then they have the right to disregard his whole evidence." But counsel for defendant in error suggests, granting this instruction to have been improperly given, yet substantial justice

has been done, and if upon the whole record it appears the right is with the party for whom the erroneous instruction was given, the judgment ought not to be reversed. This court, however, can not in fairness say justice has been done the plaintiff in giving the jury this instruction. By it they are told, if plaintiff has sworn willfully false on any one point, material or immaterial, in the case, they may totally disregard all the plaintiff's evidence, however vital to him in the case, even if corroborated by other credible evidence introduced. This, at least, is the meaning the jury might have given this instruction. The effect it had upon the jury is not known to us, but we do know the giving of it may have deprived the plaintiff of the benefit of his entire evidence, greatly to his injury.

For the error in refusing to give plaintiff's third instruction, and in giving defendant's third to the jury, the judgment of the court below is reversed and cause remanded.