SAMUEL B. W. COVELL *vs.* FRED. L. CARPENTER.

PROVIDENCE—MARCH 3, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Pleading. Trespass. Accord and Satisfaction.*

Although the ruling of a trial court that evidence could be offered to show an accord and satisfaction in an action of trespass without a special plea was erroneous, yet, as the jury found that there was no accord, a new trial will be refused upon this ground, since the ruling was harmless.

(2) *Damages. Mitigation.*

*Semble,* that provocation cannot be shown in mitigation of actual or compensatory damages in an action of trespass.

(3) *Exceptions. Verdict. New Trial.*

It is too late after verdict to claim a new trial upon ground of erroneous rulings, which were not excepted to at the time.

TRESPASS. Heard on petition of plaintiff for new trial, and petition denied.

PER CURIAM. This is an action of trespass for an assault, in which the plaintiff, after a verdict in his favor for $10, asks for a new trial on the grounds of erroneous ruling and inadequacy of damages.

(1)    The ruling of the trial judge that evidence could be offered to show an accord and satisfaction, and that the jury could find it without a special plea, was erroneous. The reasons for this are clearly stated by Judge Thompson in 1 Cyc. Law and Pro. 340, 341. Accord and satisfaction is a plea in confession and avoidance, admitting that the plaintiff once had a cause of action but that it has been discharged. At common law accord and satisfaction may be shown under the general issue in actions of contract, because, as it sets up payment, and thereby that the defendant is not in default under the contract in suit, evidence to that effect is responsive to the declaration. In actions of debt on specialties and judgments and in trespass *vi et armis*, it must be specially pleaded unless it is waived or brought into the case by the plaintiff. Such a rule is not a mere technically. The defence brings into the case, by way of settlement of an acknowledged wrong, an independent consideration or cause of action which may be the subject of a separate suit. It should therefore appear upon the record, for the mutual protection of the parties. We cannot, however, grant a new trial upon this ground, since the jury found that there was no accord and satisfaction, and hence the ruling was harmless to the plaintiff.

(2)    The defendant claimed that the plaintiff called him a vile name, in consequence of which the blow was struck, and that such provocation could be considered in mitigation of damages. The judge charged the jury that they should deduct from the damages allowed to the plaintiff for pain, disfigurement, injury to feelings and indignity, such sum as in their judgment should be deducted in consequence of his conduct, and the balance would be the amount the plaintiff would be entitled to. This was a charge which amounted to saying that the mitigation could reduce actual or compensatory damages. Lest our silence on this point should be taken for

acquiescence, we feel bound to say that we do not understand this to be the rule.    Wat. Pers. Inj. § 738 ; 2 Am. & Eng. Ency. Law (2d ed.), 966 ; *Scott* v. *Fleming*, 16 Ill. App. 539; *Cushman* v. *Waddell*, 1 Baldw. 57; *Corcoran* v. *Harran*, 55 Wis. 120.

(3)    But however the rule may be, no exception was taken to the instruction.    Under it, without objection, the case went to the jury, and the jury returned its verdict.    It is too late after verdict to claim a new trial upon grounds of erroneous rulings, which were not excepted to at the time.    This is the well-settled rule of this court.    R. I. Dig. p. 879, § 10.    *Agulino* v. *R. R. Co.*, 21 R. I. 263 ; *Phillips* v. *Shackford*, 21 R. I. 422.

The question of mitigation having been so submitted to the jury, there was evidence to warrant the verdict.    The verdict was in accordance with the instructions given.    We cannot grant a new trial for inadequate damages except upon the ground of an exception to the charge, which was not taken.    The impropriety of allowing parties to take the chances of a verdict and then to claim a new trial for error not objected to at the time is obvious.

Petition for new trial denied.