HAROLD S. WILLHITE, Plaintiff-Appellant, *v.* JIM GOODMAN, Defendant-Appellee.

Third District   No. 77-555

Opinion filed September 29, 1978.

Alan K. Schmidt, of Jackson, Douglas, DePorter & Schmidt, of East Moline, for appellant.

Gerald J. Meehan, of Coryn, Walker & Meehan, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Harold Willhite, commenced this action in the circuit court of Rock Island County seeking to recover damages from defendant, Jim Goodman, because of injuries inflicted on the plaintiff by the defendant. After a jury trial the verdict was returned in favor of the defendant and judgment was entered on the verdict. Plaintiff has filed this appeal.

This is a civil suit for damages based on the alleged battery by the defendant. The defendant in his answer denied the allegations of the complaint and included a claim of self-defense.

The incident giving rise to this action occurred on April 16, 1976, in Art & Ethel's Tavern in Rock Island, Illinois. Willhite and Goodman, with other friends, were playing cards in the tavern. During the course of the game Willhite did some swearing and used vulgar language which caused the tavern owner and Goodman to warn Willhite to stop such abusive language because there were women nearby including Goodman's wife. According to Goodman at one point in the game after he had remonstrated with Willhite and had told him to shut up, Willhite declared "Fuck you, I'll blow your head off." Thereupon according to Goodman, Willhite made a gesture toward his pocket as if to draw a gun and it was at this point that Goodman hit Willhite. This action for compensation and punitive damages followed.

The evidence is undisputed that Willhite was using abusive language and that Goodman hit him. The evidence is disputed about the threat to shoot Goodman and whether Willhite did make a gesture as if going for a gun. There was evidence that Willhite on occasion carried a gun and there was evidence that this fact was known to Goodman.

On this appeal the plaintiff argues he was denied a fair trial because the trial court refused to give one of his instructions. The instruction which was tendered by the plaintiff and refused by the court provided:

"An assault or assault and battery cannot be justified by mere words or epithets no matter how abusive or opprobrious."

It was plaintiff's theory in tendering the abusive language instruction that his abusive language was the reason the defendant hit him. Because abusive language does not justify the resort to force, it was and is plaintiff's theory that the jury should have been instructed on this issue.

■■ At the outset we note that the tendered instruction is not one described in Illinois Pattern Jury Instructions. Even though instructions not included in Illinois Pattern Jury Instructions may be tendered and properly given where the subject matter is not contained in the pattern instructions, it is clear this practice should be utilized with caution and only where necessary to provide a fair trial. It is true that each party is entitled to have a jury adequately instructed on his theory of the case and the failure to do so may require a new trial. *Biggerstaff v. New York, Chicago & St. Louis R. Co.*, 13 Ill. App. 2d 85, 141 N.E.2d 72.

■■ To support his refused instruction plaintiff at the conference on instructions relied on *Coggins v. Chicago & Alton R.R. Co.*, 18 Ill. App. 620, which employs as a part of its reasoning the language included in the instruction plaintiff offered. It should be noted that in the *Coggins* case the instruction which the court held should have been given did not employ the language of the instruction in the instant case. However, the general rule enunciated in the *Coggins* case is still a viable principle, that is, mere words are not sufficient justification for the use of force. (*Sorgenfrei v. Schroeder*, 75 Ill. 397, and *Donnelly v. Harris*, 41 Ill. 126.) Abusive or provocative language may be appropriately considered in mitigation of damages where punitive damages are sought. *Donnelly v. Harris*, 41 Ill. 126.

We believe that the refused instruction correctly states as an abstract principle of law that the use of force is not warranted in response to mere words. Yet, this was not one of the issues which the plaintiff was required to prove and in our judgment the instruction on self-defense adequately provided a framework sufficient to guide the jury on the positions of each party. The instruction tendered by the defendant and given by the court regarding the affirmative defense of self-defense provided in pertinent part:

"In this case the defendant has asserted the affirmative defense that: The defendant, while in reasonable apprehension for his own well being, was acting in defense of his own person."

The defendant tendered four instructions not included in IPI which tended to explain some aspect of self-defense and which were also refused by the trial court. In our opinion the instruction on self-defense was adequate and that no useful purpose would be served by endeavoring to further define, explain, enlarge or limit the concept of self-defense in other instructions. The jury was instructed that before they can find that the defense of self-defense has been established, defendant must prove

reasonable anticipation of bodily harm. The circumstances surrounding the incident and the cause or causes of the conduct of all parties is and should be a matter of argument relating to inferences which may be logically drawn from the evidence. If the refused instruction were given in this case, would it not be equally appropriate to give a defendant's instruction to the effect that even though there was provoking abusive language, nevertheless, if there was also conduct causing reasonable apprehension of bodily harm, then self-defense was established. In our judgment the instruction as given on self-defense adequately permits the plaintiff to argue and for the jury to consider that the battery was inflicted because of the abusive language or because the defendant was losing at poker or for some other reason incompatible with any claim of self-defense.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

BARRY, P. J., and ALLOY, J., concur.