In re Richard Kevin CHAPMAN, Debtor.

Richard ZUERN, Plaintiff,

v.

Richard K. CHAPMAN, Defendant.

Bankruptcy No. 83–00976.
Adv. No. 83–0793.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 28, 1985.

fendant willfully and maliciously injured the plaintiff.

The court having carefully examined the transcript of the criminal trial finds that plaintiff's bodily injury was the result of a willful and malicious assault by the defendant. The court makes this finding based upon the transcript of defendant's criminal trial which includes testimony of both the plaintiff and defendant. The court further finds (considering the evidence in the light most favorable to the defendant/debtor as it must do when asked to rule on the plaintiff's motion for summary judgment) that when the defendant kicked the plaintiff (who was lying helpless face down in the street) repeatedly in the head he willfully and maliciously injured him and his actions cannot in any way be construed to resemble self defense. Therefore the plaintiff's motion for summary judgment is granted and the defendant's debt is not discharged.

Steven L. Diller, Toledo, Ohio, for plaintiff.

Richard K. Chapman, pro se.

Roger L. Rader, Findlay, Ohio, for defendant.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon plaintiff's motion for summary judgment to have defendant's debt of $3,501.00 declared nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code and upon defendant's memorandum in opposition thereto. Both parties stipulated that there is no genuine issue as to any material fact and that the court should consider the evidence produced at the defendant's criminal trial because no additional evidence would be presented by either side even if the court decided to grant a trial de novo. The only issue to be ruled on by the court is whether the de-

## FACTS

On July 10, 1977 the plaintiff, while driving down Washington Street in Tiffin, Ohio observed an altercation between six or seven strangers and his friend. The plaintiff left his car and attempted to make his way through the group to his friend. When the plaintiff approached the defendant, the two men according to testimony began "bad mouthing each other."

While the plaintiff and defendant were still at the talking stage someone warned the plaintiff that he should beware because the defendant would "knock his lights out" to which the plaintiff replied "I doubt it." At this point some of the witnesses said that the plaintiff, who was standing on the sidewalk and leaning on a parking meter, made a fist. All of the witnesses including the defendant testified that the next thing that occurred was that the defendant struck the plaintiff in the face with such force that he was knocked into the street and left lying face down on the pavement with his hands covering his head. The defendant then pursued the plaintiff into the street, and by his own admission at his

criminal trial, he kicked the helpless plaintiff at least four times in the head.

Eventually the plaintiff was taken to a hospital where he required plastic surgery to repair the damage done to his face which included, among other things, severely crushed bones. The incident, which was reported to the police, resulted in a criminal trial in Tiffin Municipal Court at which the defendant was convicted of "unlawfully and recklessly causing serious physical harm to the plaintiff."

The plaintiff was awarded $3,500.00 for actual damages and $1.00 for punitive damages on March 5, 1979 by a jury in a civil trial held at the Common Pleas Court of Seneca County. On May 26, 1983 the defendant filed bankruptcy under Chapter 7 of the Bankruptcy Code seeking discharge of his debts. On October 18, 1983 the plaintiff filed a complaint to have the defendant's $3,501.00 debt to him declared nondischargeable pursuant to § 523(a)(6) which prohibits the discharge of any debt arising from the debtor's "willful and malicious" injury to another entity.

## DISCUSSION

■ Although there was both a criminal and civil trial concerning the assault and battery of the plaintiff by the defendant, it is inappropriate to apply the doctrine of collateral estoppel because those prior trials did not determine if defendant's act was willful and malicious which controls the question of dischargeability under § 523(a)(6). In *In re Pitner*, 696 F.2d 447, 448 (6th Cir.1982) and *Spilman v. Harley*, 656 F.2d 224, 228–29 (6th Cir.1981) the Sixth Circuit Court of Appeals declared that "before applying the doctrine of collateral estoppel, the Bankruptcy Court must determine if the issue of willful and malicious action was actually litigated and was necessary to the decision in the state court". The standard used to convict the defendant in his criminal trial was recklessness and the judgment entry of the Common Pleas Court merely stated that the plaintiff would recover from the defendant $3,500.00 for actual damage and $1.00 punitive damage and costs. Thus the court must look to the transcript of the criminal trial and apply the bankruptcy standard to the facts which have been established.

In this particular case the court does not need to hold a trial de novo because both parties agreed that no additional evidence would be presented at a new trial and all of the facts necessary to this decision were competently litigated by counsel in the previous trial. The only thing the court must do to rule on plaintiff's motion for summary judgment is to examine the transcript in the light most favorable to the defendant to determine if the defendant's actions were willful and malicious.

As an exception to discharge 11 U.S.C. § 523(a)(6) provides as follows:

A discharge ... does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

*Collier on Bankruptcy* defines willful and malicious under § 523(a)(6) of the Code as follows: "An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. The word 'willful' means 'deliberate or intentional,' a deliberate and intentional act which necessarily leads to injury." 3 *Collier on Bankruptcy* (15th ed.) § 523.16(1) at page 523—128, 129.

Additional insight into the meaning of willful is provided by the House Report on § 523(a)(6) which states:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, willful means deliberate or intentional. To the extent that *Tinker v. Colwell* [193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754] (citations omitted) held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a reckless disregard standard, they are overruled. Sen.Rept. No. 95–989, 95th Cong., 2d Sess. (1978); 77–79 U.S. Code Cong. & Admin.News 1978, 5787, 5865; *also* House Report No. 95–595,

85th Cong., 1st Sess. (1977), 363 U.S. Code Cong. & Admin.News 1978, 5787. According to the court in *United Bank of Southgate v. Nelson*, 35 B.R. 766, 11 BCD 159, 9 CBC 2d 745 (N.D.Ill.1983) "this passage from the Senate and House Committee Reports seems to be the source of the split in bankruptcy opinions construing the term "malicious" under § 523(a)(6)." The district court in *United Bank of Southgate v. Nelson supra* in an excellent history and analysis of cases decided under the Code states that one line of cases defines malicious as requiring an intent to do harm while another line allows malice to be established through implied or constructive intent. Without ruling on the wisdom of either definition, the court believes it is sufficient in this matter to say that even under the higher standard of actual intent to do harm, this court without hesitation finds the defendant's actions were clearly willful and malicious.

The present case involves a violent and repeated assault and battery of the plaintiff by the defendant which resulted in a judgment for the plaintiff which the defendant now seeks to discharge. *Collier on Bankruptcy* states "liabilities arising from assault or assault and battery are generally considered as founded upon a willful and malicious injury and are therefore within the exception [to discharge]". 3 *Collier on Bankruptcy* (15th ed.) § 523.-16(1) at page 523–133. However *Collier* goes on to note that it is possible for an assault to occur without malice and thus there cannot be an automatic exception where the claim is based on assault and battery. Therefore without a finding that another court used the willful and malicious standard this Court must look to the facts in this case.

As previously noted the defendant reacting to plaintiff's clenched fist struck him in the face with such force that the plaintiff landed face down in the street. Testimony at defendant's trial established that the incident occurred on a public street that would have allowed free movement away from the altercation and that while the defendant was surrounded by five or six of his friends the plaintiff was alone except for the friend he was trying to reach. However viewing defendant's action in the light most favorable to him the court could conceivably find that his initial action was in self defense. But the deliberate pursuit of the plaintiff into the street to kick him repeatedly in the head as he lay in the street is not self defense but a malicious act by any definition. One person does not kick another person in the head without intending to harm him.

The only justification offered by the defendant for leaving the sidewalk to go to the plaintiff who was in the street was that he was mad and he wanted to ask the plaintiff if he had any doubt if he (the defendant) could beat him up. That testimony clearly indicates that the defendant's brutal kicking of the plaintiff was "willful and malicious", rendering the debt nondischargeable.

In light of the foregoing reasons, it is hereby,

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, granted. It is further,

ORDERED that the defendant's debt to plaintiff be, and it hereby is, nondischargeable.