**In re Robert J. STURTEVANT, Debtor.**

**Lois J. SHELTON, Plaintiff,**

**v.**

**Robert J. STURTEVANT and Manuel Farber, Trustee, Defendants.**

Bankruptcy No. 4-84-00558-G.
Adv. No. 4-85-0005.

United States Bankruptcy Court,
D. Massachusetts.

May 17, 1985.

Richard B. Johnson, Rooney & White, Palmer, Mass., for plaintiff Shelton.

George A. Tetreault, Jr., Brimfield, Mass., for defendant/debtor Sturtevant.

Manuel Farber, Cooley, Shrair, Alpert, Labovitz & Dambrov, P.C., Springfield, Mass., trustee.

MEMORDANDUM AND ORDER

RE: COMPLAINT TO DETERMINE
DISCHARGEABILITY

PAUL W. GLENNON, Bankruptcy Judge.

This matter comes before the Court on the complaint of the plaintiff, Lois Shelton ("Shelton" or the "Plaintiff") to determine the dischargeability of a debt. A trial on that complaint was held in this Court on April 12, 1985, and from that hearing the following facts emerged.

The Plaintiff testified that on June 14, 1984, the debtor, Robert J. Sturtevant (the "Debtor" or "Sturtevant"), following a disagreement with Shelton, pushed her off of a porch onto the ground and proceeded to punch her and kick her. She also testified that he struck her about the head, shoulders and back with a 2 inch by 4 inch piece of lumber which was approximately four to five feet long. The Plaintiff testified that this beating continued until Sturtevant's wife and two sons managed to pull him off of her. Sturtevant then chased her with the two by four for several hundred yards until she locked herself into her own house. The Plaintiff's daughter also testified. She testified that after hearing a loud commotion, she looked out the door of her home and from 100 to 125 feet away saw Sturtevant chasing the Plaintiff with a piece of wood approximately the size of a baseball bat.

The Plaintiff further testified that on July 14, 1984 at the Athens Pizza House the Debtor said to her "You have plenty of witnesses. You better pay your insurance. You Machiavellian whore." There were approximately forty persons present, many of whom were customers or employers of the Plaintiff.

The Debtor also testified at the trial. He claimed that on the day that the alleged assault and battery took place the Plaintiff provoked him by calling him a liar and using foul language. He did, however, admit that he pushed the Plaintiff off the porch. He denied kicking her, but admitted that he struck her on the backside with what he characterized as a small stick. He also admitted that, in attempting to break up this fracas, one of his sons broke a pool cue over his body.

The Plaintiff, in her complaint to determine the dischargeability of a debt, relies on Section 523(a)(6), which exempts from discharge debts "for willful and malicious injury by the debtor to another entity...." For purposes of this statute, "willful means intentional and malicious means an intentional or conscious disregard of one's duties." *In re Trudeau*, 35 B.R. 185, 187 (Bankr.D.Mass.1983). A liability which results from an assault or an assault and battery is generally considered as founded upon a willful and malicious injury and is, therefore, within the exception. 3 *Collier on Bankruptcy* § 523.16, at 523–133 (15th ed. 1984).

In the matter *sub judice*, the Debtor's actions appear to be willful and malicious. Sturtevant admitted that he pushed Shelton off of the porch and that he struck her with a stick. Although Sturtevant claimed to have been provoked by the Plaintiff, "anger seldom justifies violence." *In re Trudeau, supra*, at 187. The Debtor's actions were voluntary and he knew or should have known that they were wrong. *Id.*

There is a slight procedural irregularity involved in this case, however. Normally, cases under this section are brought after a judgment has been obtained against the debtor. *See, 3 Collier on Bankruptcy* § 523.16, at 523.135 (15th ed. 1984). Although the Plaintiff has proved to this Court's satisfaction that the Debtor's actions were willful and malicious, there is presently no evidence before the Court of a judgment against the Debtor, and the amount of liability, if any, remains in dispute. Accordingly, this Court may only rule that any liability on a judgment arising out of these incidents is exempted from the Debtor's discharge in bankruptcy, pursuant

to Section 523(a)(6) of the Bankruptcy Code.[1]

## ORDER

It is hereby ordered and adjudged that any liability of the debtor, Robert J. Sturtevant to Lois Shelton, arising from Lois Shelton's claims against the Debtor as a result of the incidents of June 14, 1984 and July 13, 1984, is excepted from discharge under 11 U.S.C. Section 523(a)(6).

---

1. The Plaintiff has submitted a proposed order to the Court, in which the Plaintiff would be granted relief from the automatic stay provision of 11 U.S.C. Section 362 to obtain a decision on the merits of these claims. Because there is presently no motion for relief from automatic stay before the Court, the Court declines to rule on that question at this time. See 11 U.S.C. Section 362(d).