**In re Roger POKORNY, Debtor.**

**Ilsa TARADASH, Plaintiff,**

v.

**Roger POKORNY, Defendant.**

**Bankruptcy No. 91 B 23175.
Adv. No. 91 A 1239.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

June 30, 1992.

Raymond P. Concannon, Ltd., Chicago, Ill., for plaintiff.

Robert B. Katz, Chicago, Ill., trustee.

Strat G. Maheras, Chicago, Ill., for debtor-defendant.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JACK B. SCHMETTERER, Bankruptcy Judge.

Plaintiff Ilsa Taradash seeks, pursuant to 11 U.S.C. § 523(a)(6), to bar dischargeability of a $4,000 judgment she obtained against Debtor Roger Pokorny ("Debtor"). Now before the Court is Plaintiff's motion for summary judgment. For reasons stated below, the motion is granted and final judgment is entered separately in favor of Ms. Taradash.

## Undisputed Facts

The following facts are undisputed on the record of pleadings and materials filed in support of and opposition to the instant motion:

In 1988, Ms. Taradash filed a civil suit against Debtor in the Circuit Court of Cook County. Plaintiff's Ex. E. In it, she alleged that on April 7, 1984 Debtor assaulted her at a tavern by striking her. In August of 1991, Ms. Taradash was awarded judgment in the amount of $4,000 and costs against Debtor in that suit. Plaintiff's Exs. G and H. Prior to the civil suit, a criminal misdemeanor complaint was filed in which Debtor was charged with battery in violation of Ill.Rev.Stat. Ch. 38, § 12–3(a), based on the same tavern altercation. The crime charged was that the defendant-debtor "intentionally/knowingly without legal justification caused bodily harm to Carola Taradash by striking here in the face with his fist."[1] Plaintiff's Ex. C. Debtor pleaded guilty to this offense. Based on that plea, he was adjudged guilty of that crime. Plaintiff's Ex. D. Debtor has not challenged either the criminal conviction or civil judgment in the state courts. Each is therefore final and unappealable.

On October 31, 1991, Debtor filed for relief under Chapter 7 of the Bankruptcy Code, and this Adversary Complaint followed. In his response to the summary judgment motion, Debtor stated that he "demurs" to Ms. Taradash's statement of the facts. However, he contends that the act of punching her was not "willful and malicious" because she provoked him by voicing curses and making ethnic slurs, and expressing the belief that Hitler should have killed all the Poles. The Debtor is evidently a Polish–American by ethnic heritage, and therefore contends that the alleged vile ethnic slurs against Polish people that preceded the undenied battery must be considered in a trial of the issue of whether he was "willful and malicious" in his act that harmed plaintiff within the meaning of 11 U.S.C. § 523(a)(6).

## Jurisdiction

This matter is before the Court pursuant to 28 U.S.C. § 157, and is referred here under Local District Court Rule 2.33. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## Standards for Summary Judgment

Federal Rule of Civil Procedure 56 (Fed.R.Bankr.P. 7056) provides that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show that there is no genuine issue of material fact, and movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). The moving party must bear the initial burden of showing that there is no genuine issue of material fact by identifying the portions of the pleadings, depositions, affidavits, and other material relied on in its motion. *Id.* at 323, 106 S.Ct. at 2552. In determining whether the movant has met this burden, the evidence is viewed in a light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). Once the moving party has shown *prima facie* that it is entitled to summary judgment, the party opposing the motion may not rest on the allegations or denials in the pleadings, but must demonstrate that there is a genuine issue of fact for trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. The existence of an issue of material fact is sufficient to deny the motion only if the disputed fact determines the outcome of the case under applicable law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

## Discussion

Section 523(a)(6) of the Bankruptcy Code provides,

---

**1.** The charge refers to a "Carola Taradash", but the Debtor has not disputed that the plaintiff Ilsa Taradash was the person who was struck and was the victim of the crime.

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

> (6) for willful and malicious injury by the debtor to another entity....

11 U.S.C. § 523(a)(6). For Debtor's obligation to Ms. Taradash to be non-dischargeable under this section, Ms. Taradash must prove that Debtor's conduct towards her was deliberate or intentional and that Debtor's actions were without just cause or provocation. *In re Dvorak*, 118 B.R. 619, 627 (Bankr.N.D.Ill.1990), and cases cited therein. Under § 523(a)(6), "Willful" means deliberate or intentional. *Dvorak*, 118 B.R. at 627. "Malicious" means wrongful and without legally recognized cause or excuse. *Id.*

▌ There is no question on this record that Debtor's conduct in punching Ms. Taradash was deliberate and intentional. Debts which are based on traditional intentional torts such as assault and battery are generally non-dischargeable under § 523(a)(6). *In re Price*, 123 B.R. 42, 45 (Bankr.N.D.Ill.1991); *In re Johnson*, 109 B.R. 885, 891 (Bankr.N.D.Ind.1989), and cases cited therein; *In re Rubitschung*, 101 B.R. 28, 30 (Bankr.C.D.Ill.1988). Debtor has admitted in this proceeding that he committed battery. Moreover, he pleaded guilty to the criminal charge, and judgment was entered against him in the civil proceeding. He does not dispute that the amount of plaintiff's damages by reason of the conduct complained of was liquidated by the state court civil judgment.

As to the Debtor's defense that he was provoked by the ethnic slurs allegedly made by Ms. Taradash, these slurs merely explain why he struck the Plaintiff. They do nothing to negate the elements of battery. Furthermore, ugly slurs do not constitute just cause or excuse for a battery. In *In re Sturtevant*, 49 B.R. 310 (Bankr. D.Mass.1985), the debtor pushed a woman off a porch and then beat her with a two-by-four. The woman subsequently filed a complaint seeking to have debts arising out of this altercation be declared non-dis-

chargeable under § 523(a)(6). At trial, the debtor's defense was that she provoked him by "calling him a liar and using foul language." *Id.* at 311. The court rejected this defense stating, "anger seldom justifies violence." *Id.*, quoting *In re Trudeau*, 35 B.R. 185, 187 (Bankr.D.Mass.1983). In *Trudeau*, the debtor attacked a man who made racist comments and ridiculed him for being a recovering alcoholic. The court noted that such verbal abuse did not constitute just cause for committing a battery saying:

> The price one pays for participation in a civilized society is the abandonment of the reaction of the jungle. The law replaces, as it must, self-help violence.... as both Mahatma Gandhi and Dr. Martin Luther King knew, one may at times feel impelled to react to a situation but only at a cost. Here, the provocation may have ruled out criminal malice but actually reinforced ... the intentional nature of the [debtor's] act.

35 B.R. at 188. *See also, In re Rubitschung*, 101 B.R. at 30 ("[e]ven if [plaintiff] had provoked [the debtor], any liability arising out of the incident is exempted from discharge").

▌ There is no dispute that Debtor intentionally struck Ms. Taradash, and Debtor has not offered any legal authority to support his position that ethnic slurs might mitigate against the "willful and malicious" nature of the conduct under § 523(a)(6). Therefore, verbal abuse, even an ugly assault on one's ethnic heritage, is not legal justification to pummel someone.[2]

▌ Apart from the foregoing authority, the requirements of collateral estoppel, as discussed in *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987), have clearly been satisfied on this record. The criminal case verdict decided the willful and malicious issue, and the civil judgment decided the amount of debt. Those elements were necessarily resolved by the prior judicial determinations. *See In re Nunez*, 95 B.R. 566, 570–72 (Bankr.N.D.Ill.1988) (giving collateral estoppel effect to criminal and

---

**2.** This result is also consistent with Illinois law concerning assault and battery. It is a well-settled principle in Illinois that "mere words are not sufficient justification for the use of force."

*Willhite v. Goodman*, 64 Ill.App.3d 273, 275, 21 Ill.Dec. 133, 381 N.E.2d 68 (3rd Dist.1978), citing, *Sorgenfrei v. Schroeder*, 75 Ill. 397 (1874).

civil battery proceedings in a § 523(a)(6) dischargeability complaint).

Therefore, the judgment arising out of Debtor's attack on Ms. Taradash is non-dischargeable under § 523(a)(6) of the Bankruptcy Code.

### Conclusion

There is no genuine issue of fact in dispute, and movant is entitled to summary judgment as a matter of law.

It may not satisfy defendant's sense of justice to be told that it is legally irrelevant in this case whether or not plaintiff said the vile things attributed to her. The Court has no way of determining from this record whether or not Plaintiff made these ethnic slurs. However, one can only feel disgust for the sentiments allegedly voiced. It might have made a difference to a state court judge or jury had this defense been asserted in the criminal case. However, it was not. Once defendant pleaded guilty to the criminal charge and was adjudged guilty to what amounts to willful and malicious conduct under federal law, he certainly was foreclosed from raising those matters here.

By order entered separately this day, Plaintiff's motion for summary judgment is allowed, and final judgment is entered favor of Ms. Taradash.