**In re Joseph PERRETTI, Debtor.**

**Charles HOMAN, Plaintiff,**

**v.**

**Joseph PERRETTI, Defendant.**

**Bankruptcy No. 93–30043.**
**Adv. No. 93–3123.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Aug. 18, 1994.

---

James Godbey, Toledo, OH, for plaintiff.

Gary Miesle, Alan Konop, Toledo, OH, for debtor/defendant.

## OPINION AND ORDER EXCEPTING DEBT FROM DISCHARGE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon the adversary complaint of Charles P. Homan ("CPH") which seeks to except the alleged debt of Joseph T. Perretti ("JTP") from discharge under § 523(a)(6). The Court finds that the CPH's complaint is well taken and that JTP's debt to CPH should be excepted from discharge.

### *FACTS*

The debtor JTP filed his petition under chapter 7 of title 11 on January 8, 1993.

CPH filed the instant adversary complaint (the "Adversary") on April 23, 1993.

The Adversary arose from a complaint filed by CPH on November 25, 1992, in Lucas County Common Pleas Court to recover for certain damages sustained by CPH from an alleged battery upon CPH by JTP. At the hearing on this matter, the parties represented to this Court that the action in Lucas County Common Pleas Court had not yet proceeded to trial.

According to the Adversary, JTP struck CPH in the face without provocation in the parking lot of a night club known as Club Soda (the "Club"). As a result, CPH allegedly suffered serious head injuries which required treatment at Toledo Hospital, Wyandotte Community Hospital and the University of Michigan Hospital. CPH also missed 20 days from work as a result of the altercation at the Club.

JTP admits striking CPH in the face on November 28, 1991 in the parking lot at the Club. Nonetheless, JTP advances several arguments in denying liability for striking CPH. First, JTP argues that he was provoked by CPH. Second, JTP argues that CPH's injuries resulted from his "mutual combat" with CPH to which CPH consented. Third, JTP argues that, in striking CPH, he was acting in self defense.

CPH testified in support of his allegations that JTP initiated an unprovoked battery upon CPH and further provided the testimony of his friends Timothy Braker ("Tim") and Albert Fioritto ("Al") in support of such allegations. Tim and Al stood in close proximity to CPH when he was struck by JTP.

JTP testified that he was acting in self defense in striking CPH and provided the testimony of his brother Randy Perretti ("Randy") and his nephew Jeff Lesniewicz ("Jeff") in support of his allegations that he was acting in self defense. Randy and Jeff were among the passengers in a car driven by JTP on the night of the alleged battery.

The parties agree that JTP first encountered CPH in the parking lot at the Club. The parties also agree that JTP was exiting the parking lot in his car, while CPH, Tim and Al were walking toward CPH's car after the Club had closed. However, the testimony offered by the parties diverged greatly as to the other events which transpired on November 28, 1991.

JTP, Jeff and Randy testified that JTP left his car after CPH uttered profanities at JTP and placed his hands upon JTP's car.

On the other hand, CPH, Tim and Al testified that CPH did not utter any profanities at JTP. Rather, CPH, Tim and Al testified that, in response to the loud squealing of the tires on JTP's car, CPH shouted to caution Tim to avoid JTP's car. According to CPH, Tim and Al, CPH did not approach JTP's car.

JTP testified that he left his car in order to determine "if there was a problem".

Tim testified that, after JTP left his car, JTP approached CPH and asked CPH "do you have a problem?" According to Tim, CPH responded by stating "no; if I had a problem, you'd know it". Al testified that CPH responded to JTP's question in a "normal" tone of voice.

JTP, Jeff and Randy testified that after leaving his car JTP struck CPH after CPH "lunged" at JTP.

Al testified that CPH turned around to face JTP after JTP left his car. However, contrary to JTP's testimony, Tim and Al testified that CPH stood with his hands by his side when approached by JTP and that CPH did not make any physical movements towards JTP.

At the hearing on this matter, JTP argued that the ability of CPH, Tim and Al to recollect the events of November 28, 1991 was diminished in view of the fact that they had each consumed a number of alcoholic beverages that evening. Notwithstanding the fact that each of these witnesses consumed alcoholic beverages that evening, the Court rejects JTP's argument that the consumption of alcoholic beverages impaired the ability of CPH, Tim and Al to recollect the events which transpired on November 28, 1991.

## DISCUSSION
### WHETHER CPH HAS ALLEGED A CAUSE OF ACTION UNDER § 523(a)(6)

Although the Adversary does not specifically refer to § 523(a)(6), the Court finds that the Adversary adequately sets forth a cause of action under § 523(a)(6). *See Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226, 1229 (6th Cir.1991) (finding that complaint which alleged that the debtor "did a wrongful act ... intentionally, which necessarily produced harm and was without cause or excuse" sufficiently stated a cause of action under § 523(a)(6)).

### WHETHER JTP'S ALLEGED DEBT TO CPH IS NONDISCHARGEABLE UNDER § 523(a)(6)

#### Applicable Statute

Section 523(a) provides that:

[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

#### Burden of Proof

█ CPH bears the burden of proof on his complaint to except the alleged debt of JTP from discharge by the preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

#### Willful and Malicious Injury

█ The Court concludes that, in striking CPH on November 28, 1991, JTP willfully and maliciously injured CPH.

█ First, the Court finds that JTP's action in striking CPH was "willful" within the meaning of § 523(a)(6). "The word 'willful' means 'deliberate or intentional,' a deliberate and intentional act which necessarily leads to injury." *Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.1987) (quoting 3 Collier On Bankruptcy 523–111 (15th ed. 1986)), *cert. denied,* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). JTP admits that he intentionally struck CPH. Therefore, JTP willfully injured CPH. *See Liekweg v. Bothwell (In re Bothwell),* 32 B.R. 617, 619 (Bankr.N.D.Iowa 1983) (finding that debtor's act of throwing keys at another person was the type of act which necessarily leads to injury).

Second, the Court finds that JTP's action in striking CPH was "malicious" within the meaning of § 523(a)(6), as such action was "wrongful and without just cause". *See Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986) (stating that " '[m]alicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm") (citing *Tinker v. Colwell*, 193 U.S. 473, 508, 24 S.Ct. 505, 517, 48 L.Ed. 754 (1904) (other citations omitted)).

In *Zuern v. Chapman (In re Chapman)*, this Court observed that "[o]ne person does not kick another person in the head without intending to harm him". *Zuern v. Chapman (In re Chapman)*, 46 B.R. 90, 93 (Bankr. N.D.Ohio 1985). Similarly, one person does not strike a blow at another person's face without intending to injure the other person.

JTP acknowledges that he was not required to leave his car in order to defend himself. Further, JTP acknowledges that he was not in fear for his personal safety at the time that he left the car.

Nor does the fact that CPH allegedly verbally provoked JTP represent either a justification for a battery or a defense to an action under § 523(a)(6). *See Taradash v. Pokorny (In re Pokorny)*, 143 B.R. 179, 182 (Bankr. N.D.Ill.1992) (rejecting debtor's argument that his assault upon plaintiff was justified because plaintiff provoked him by the use of ethnic slurs); *Shelton v. Sturtevant (In re Sturtevant)*, 49 B.R. 310, 311 (Bankr.D.Mass. 1985) (the fact that plaintiff called debtor a liar and used foul language did not represent a justification for debtor's assault upon plaintiff); *Kuchinsky v. Trudeau (In re Trudeau)*, 35 B.R. 185, 187–88 (Bankr.D.Mass.1983) (the fact that plaintiff allegedly ridiculed debtor based on debtor's alcoholism did not represent a defense to an assault); *see also In re Bothwell*, 32 B.R. at 619 (finding that debtor's annoyance and frustration did not constitute a "just cause or excuse" for battery of plaintiff).

The testimony of JTP, Jeff and Randy that CPH "lunged" at JTP after JTP departed from his car was not credible. Rather, the Court credits the testimony of Al and Tim which indicated that CPH did not make any physical gestures toward JTP other than turning around to face JTP. Thus, the Court cannot conclude that JTP acted in self defense based on a fear of bodily harm from CPH.

Lastly, the evidence adduced at the hearing on this matter does not support JTP's allegation that CPH consented to "mutual combat" with JTP.

In light of the foregoing, it is therefore

ORDERED that debt owed from Joseph T. Perretti to Charles P. Homan be, and it hereby is, excepted from discharge.